THIRD DEPARTMENT, FEBRUARY, 1991

(February 7, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KING, Also Known as REALITY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 3, 1987, upon a verdict convicting defendant of the crimes of rape in the first degree (two counts), rape in the second degree, rape in the third degree (two counts) and escape in the first degree.

Defendant was arrested by two detectives at his place of employment on rape charges involving separate victims. One of the detectives possessed a sworn statement of the victim of defendant's rape in the second degree charge, and allegedly possessed a felony complaint executed by the victim of defendant's other rape charges. After he was informed of his *Miranda* rights at the police station, defendant requested an attorney. Defendant was furnished a telephone and a directory and proceeded to make 10 to 12 calls to attorneys, without success. The officers did not converse or interrogate defendant during this time, except to obtain pedigree information. However, according to the officers, defendant persisted in talking to them and gave them details of the rape in the second degree charge but provided no statement regarding the other rape victim's complaint. Following his arrest, defendant was indicted and charged with second degree rape. Pursuant to defendant's request, he was afforded the opportunity of appearing before the Grand Jury that indicted him on that charge.

Subsequently, in a superseding indictment, defendant was charged with two counts of rape in the first degree, one count of rape in the second degree and two counts of rape in the third degree. An additional indictment was handed down on July 15, 1986 charging defendant with the crime of escape in the first degree. The two counts of rape in the first degree were alleged to have been committed on April 25, 1986 and April 27, 1986 by forcible compulsion, involving defendant's 15-year-old step-sister. The two counts of rape in the third degree involved sexual intercourse perpetrated by defendant upon this same victim at the same time and place as the counts charging rape in the first degree, and were based on the victim being less than 17 years of age and defendant being over 21 year of age. The charge of rape in the second degree involved sexual intercourse with a 12-year-old girl who lived in defendant's neighborhood, and this crime was alleged to have been committed in defendant's home on April 11, 1986. The escape charge stemmed from defendant's escape from the Sheriff's custody as defendant was being returned to a holding cell following his arraignment on the superseding indictment.

On this appeal from his conviction of all charges following a jury trial, defendant initially contends that the statements he made to the officers at the police station were impermissibly admitted into evidence; the basis for this contention is defendant's conclusion that his right to counsel had attached because the felony complaint in the officers' possession com-

menced the judicial process, as did the sworn statement of the other victim, preventing defendant's waiver of his *Miranda* rights without the presence of an attorney *(see, People v Samuels,* 49 NY2d 218, 221). However, this issue was not raised by defendant at his *Huntley* hearing. At that hearing, only the voluntariness of defendant's statement was tested. In that regard, County Court found that the officers zealously protected defendant's rights by refusing to talk to him when he indicated to them his desire for counsel and by providing him with a phone and a directory which aided him in his attempt to obtain an attorney. Defendant now complains that this effort on the officers' part was insufficient because defendant wanted the Public Defender, whose office was downstairs in the same building, and defendant should have been taken there when he requested an attorney. The record does not indicate, and County Court did not find, that defendant specifically requested the Public Defender or that defendant was automatically entitled to the Public Defender at that time, even if defendant had requested such representation.

Additionally, defendant urges that the motion to reopen the *Huntley* hearing by his new attorney was improperly denied because it was based on the fact that the felony complaint automatically triggered his right to counsel and for that reason any statement had to be suppressed. The motion to reopen the *Huntley* hearing was denied by County Court on the ground that defendant failed to show that "additional pertinent facts [had] been discovered * * * which he could not have discovered with reasonable diligence before the determination of the motion" (CPL 710.40 [4]). We find no abuse in the court's denial of defendant's motion to reopen the *Huntley* hearing based on the statutory language. The fact of the officers' possession of a felony complaint was not elicited in the initial hearing and was therefore properly not considered by County Court. The determination of voluntariness was based on the fact that defendant had been well and properly treated while in custody and was fully informed of his *Miranda* rights. His statements were not obtained in violation of any of those rights, but were volunteered and spontaneous utterances that were properly ruled admissible *(see, People v Harris,* 57 NY2d 335, 342, *cert denied* 460 US 1047).

Next, defendant claims error in County Court's denial of his motion to dismiss the indictments because he was not permitted the opportunity to appear and testify before the Grand Jury that handed down the superseding indictment in accordance with the mandates of *People v Miller* (144 AD2d 94).

However, both the original motion and the renewal motion by defendant's newly retained attorney were untimely under the provisions of CPL 190.50 (5) (c), as found by the court, because the motions were not brought within five days of defendant's arraignment.

Defendant's new counsel also sought reargument of County Court's decision to consolidate all the charges. Specifically, defendant sought to sever the rape charges involving defendant's step-sister from the charge involving his neighbor, as well as from the escape charge. With respect to the severance of the rape charges, defendant now contends that inasmuch as his statements concerned only the neighbor girl and not his step-sister, he would have desired to testify only in the neighbor girl's case and not in the case involving his step-sister. Defendant made no showing that the " 'jury might aggregate the evidence relating to each incident' " or that he was otherwise prejudiced (People v Casiano, 138 AD2d 892, 894, lv denied 72 NY2d 857, quoting People v Hoke, 96 AD2d 677). CPL 200.20 (2) (c) permits the joinder of separate offenses under one indictment where the crimes charged are "the same or similar in law" (see, People v Mercer, 151 AD2d 1004, lv denied 74 NY2d 815) and no error was committed in such a ruling here.

Defendant additionally claims error in County Court's failure to charge justification in respect to the charge of escape. At trial, defendant testified that his escape was motivated by a concern for his personal safety. However, his testimony concerning threats and intimidation did not rise to the level that would require the court to charge justification (see, People v Brown, 68 AD2d 503). Therefore, defendant's claim of error in this regard is untenable.

Defendant next seeks reversal for the People's cross-examination of him when he took the witness stand in his own behalf. We agree that the cross-examination was improper because it forced defendant to characterize the People's witnesses as liars. However, defendant did not preserve the error by appropriate objection at trial and we decline to reverse on this issue in the interest of justice because we find such error harmless, given the overwhelming evidence of defendant's guilt (see, People v Calada, 154 AD2d 700, 701, lv denied 75 NY2d 811; cf., People v Perez, 69 AD2d 891, 893). The judgment of conviction should, therefore, be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur. [See, — AD2d —, Apr. 22, 1991.]