■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. MATHEWS, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Schuyler County (Callanan Sr., J.), rendered October 17, 1990, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

Defendant appeals convictions of burglary in the third degree and petit larceny arising out of an incident which took place at the Glen Harbor Marina in the Village of Watkins Glen, Schuyler County, on the late night of May 12, 1989 or

early morning of May 13, 1989. We reject the arguments advanced before this court and accordingly affirm.

Initially, we disagree with the contention that there was insufficient evidence to corroborate defendant's oral admissions *(see,* CPL 60.50). The relevant trial evidence, viewed in the light most favorable to the People *(see, People v Lipsky,* 57 NY2d 560, 563), follows. On the evening of Friday, May 12, 1989, the door to the marina office was locked and intact and there was loose change, rolled coins and approximately $82 to $84 in bills in the cash register. Upon arriving the following morning, marina employees found the window to the office door broken, the door unlocked and only loose change in the cash register. In addition, traces of a dark red liquid were found on the door and in a trail from the door to the area behind the sales counter and into the office behind the bookkeeper's desk. On Monday, May 15, 1989, a marina employee "cashed out" by comparing cash on hand to that which the register tape indicated should be present and found a $92 shortage. Finally, witnesses testified that defendant was observed with a cut and bleeding hand and rolls of coins in the early morning hours of May 13, 1989. In our view, this evidence more than sufficiently satisfies the statutory requirement " 'by the production of some proof, of whatever weight, that [the crimes for which defendant was convicted were] committed by someone' " *(People v Lipsky, supra,* at 571, quoting *People v Daniels,* 37 NY2d 624, 629; *see, People v Jackson,* 65 NY2d 265, 273; *People v Murray,* 40 NY2d 327, 332, *cert denied* 430 US 948).

We also disagree with the argument that County Court committed reversible error in admitting a red-stained paint chip from the marina door into evidence. At trial, defendant objected to the admission of the exhibit on the ground that the People had failed to establish a sufficient chain of custody, a contention not raised on appeal and, thus, abandoned *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901). The current objection, that the evidence was incompetent and prejudicial, was not raised at trial and has not been preserved for our review *(see,* CPL 470.05 [2]; *People v King,* 170 AD2d 710, 713, *lv denied* 77 NY2d 997; *People v Bunting,* 134 AD2d 646, 648, *lv denied* 70 NY2d 1004). Moreover, the exhibit was properly received as evidence that the dried liquid found on the marina door was in fact blood. Contrary to County Court's trial rulings, blood stains may be identified by means of lay testimony *(see, People v Fernandez,* 35 NY 49, 60-61; *see also, Greenfield v People,* 85 NY 75, 84) and blood-

stained materials may be presented to the jury for their own observation *(see, People v Fernandez, supra,* at 64). Finally, in view of the overwhelming evidence of defendant's guilt, any error committed in receiving the testimony of William Pierce, a witness who had not been identified prior to voir dire, was harmless *(see, People v King, supra).*

Mahoney, P. J., Casey, Weiss and Crew III, JJ., concur. Ordered that the judgment is affirmed.