■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MORRIS, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered March 6, 1990, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree.

At approximately 2:30 A.M. on January 28, 1989, the Albany City Police received a report of two men with guns at Gibby's Players Paradise, a bar in Albany at the corner of Sherman and Ontario Streets. Defendant and a companion were observed by a detective as they left the bar and walked on Ontario Street toward Clinton Avenue. This information, together with a description of their clothing and height, was broadcast over police radio. Officer Leonard Crouch, who heard the broadcast, approached the individuals near that intersection and directed them to place their hands on a parked automobile. Defendant fled on Clinton Avenue and was pursued by Crouch, who saw him place something shiny on the ground shortly before he was apprehended. An immediate search of the area for the shiny object produced a plastic baggie in which were seven small bags containing approximately three grams of a white powder, of which 1.578 grams

was pure cocaine. Defendant was indicted on, and convicted after trial of one count of criminal possession of a controlled substance in the fifth degree.

On this appeal defendant contends that it was error for County Court to have summarily denied his oral motion to suppress the drugs found, arguing that the police lacked probable cause for the initial stop. Defendant argues that the factual issues that he raised required a hearing.* We disagree. The oral statement by defense counsel, even if it was deemed sworn and to have been made on personal knowledge, which was not the situation, was factually insufficient (see, CPL 710.60). The motion focused upon the description of the individuals provided in the original police dispatch. Defense counsel merely stated that "[t]he broadcast description was different than the clothing that my client advises me that he was wearing at the time" and that "[t]here are some differences as to what was broadcast over the radio and the description of my client". These conclusory assertions were insufficient to support the motion for a hearing or to suppress the evidence (see, CPL 710.60 [1]; People v Reynolds, 71 NY2d 552; People v Gomez, 67 NY2d 843).

Defendant next contends that County Court failed to properly charge the jury with respect to the moral certainty standard applied to circumstantial evidence, arguing that the cocaine bag was only circumstantially connected to him. Defendant's argument is misplaced because his association with the bag was established by both direct and indirect evidence, which negates the applicability of the moral certainty legal standard (see, People v Barnes, 50 NY2d 375, 379-380). The direct evidence showed that the fleeing defendant was seen placing something shiny on the ground at the identical location where the shiny plastic bag containing cocaine was found only moments later in an unoccupied and otherwise neat and orderly backyard.

Defendant also contends that the chain of custody of the cocaine bag was not adequately established. There was no testimony from the police officer who removed the sealed police evidence bag containing the cocaine bags from an evidence locker and carried it upstairs in the police station to Detective Benedict Ravida, who placed it in an evidence safe.

---

* Defendant further argues that the probable cause problems were exacerbated by County Court's instruction to the jury that flight could be considered as evidence of defendant's consciousness of guilt. Since defendant did not object to the jury charge of flight, that argument was not properly preserved for review.

The officer was unavailable for trial testimony. Ravida testified that the seals remained unbroken. The failure to establish a full chain of custody may be excused where, as here, the circumstances provide reasonable assurance of the identity and unchanged condition of the evidence *(see, People v Connelly,* 35 NY2d 171, 175-176; *People v Brown,* 169 AD2d 934, *lv denied* 77 NY2d 958; *People v Newman,* 129 AD2d 742, *lv denied* 70 NY2d 652; *People v Piazza,* 121 AD2d 573, *lv denied* 68 NY2d 916; *People v Hart,* 113 AD2d 966).

Finally, defendant contends that County Court erred in its preliminary instructions to the jury when discussing the People's burden of proof by stating that defendant did not have to prove his innocence and did not have to present any witnesses. Defendant argues that by inference the charge applies to whether he personally testifies and that such a charge may be given only if requested by defendant *(see,* CPL 300.10 [2]; *see also, People v Boyd,* 74 AD2d 647, *affd* 53 NY2d 912). We find any error attributed to the preliminary charge to be harmless *(see, People v Koberstein,* 66 NY2d 989). Not only did defendant fail to object, but at the close of proof defense counsel requested a specific charge concerning defendant's failure to testify. In light of the overwhelming proof of guilt, there is no reasonable possibility that County Court's remarks contributed to or tainted the verdict *(see, People v Crimmins,* 36 NY2d 230, 238-243).

Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed.