■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN ROUNDTREE, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered July 11, 1991, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

At the trial of this case Police Officers Rick Schoonmaker and David Dean testified that while on routine patrol on April 13, 1990 in the City of Troy, Rensselaer County, they observed a group of people at the corner of Eighth Street and Rensselaer Street. Among the group was defendant, who the officers observed holding a white object in his hand. When the officers stopped their patrol car and approached defendant he ran, discarding the object in the street. The officers retrieved the discarded item which proved to be a plastic baggie containing 13 bags of white powdery substances which later tested positive for cocaine.

Defendant testified that he did not possess the items in question and did not throw them to the ground. Sonnette Francis, who was called on behalf of defendant, testified that he was with defendant on the evening in question and that defendant did not have drugs with him at that time. When asked if the drugs recovered by the police were his, Francis refused to answer, invoking his 5th Amendment privilege against self-incrimination. Thereafter the defense called Cynthia Dennis, who testified that Francis told her that he felt

badly that defendant was arrested because the drugs recovered by the police were his. At the conclusion of the trial, the jury convicted defendant of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On this appeal defendant urges reversal on the ground that the prosecutor erred in summation when he questioned defendant's failure to call any of the other people who were gathered at the scene where he was arrested. It is well established that where a defendant testifies on his own behalf, "his failure to call an available witness who is under defendant's control and has information material to the case may be brought to the jurors' attention for their consideration" *(People v Rodriguez,* 38 NY2d 95, 98). While the people gathered on the evening in question were known to defendant, it is questionable whether they were in his control. However, even assuming the impropriety of the prosecutor's remark, County Court immediately interrupted, advised the jury that the burden of proof remains with the People, that defendant had no burden to produce any witnesses and directed the prosecutor to discontinue that line of argument, which he did. Given the propriety of the court's curative instructions and the absence of any endeavor by the prosecutor to ignore those instructions, we view the isolated comment of the prosecutor as harmless *(see, People v McDowell,* 88 AD2d 522, 525 [dissenting mem]).

Defendant next argues that reversal is required due to the prosecutor's cross-examination of him when he was asked whether the police, who had testified for the prosecution, were lying or mistaken. That line of inquiry was clearly improper *(see, People v King,* 170 AD2d 710, 713, *lv denied* 77 NY2d 997). To compound that error, the prosecutor on summation made the following remarks: "Here's an officer of—veteran of eight to nine years who has made several hundred arrests who needs this one arrest so badly that he's willing to set up or to plant the drugs on [defendant]. That should strike you as incredible. Does Officer Schoonmaker really need to add one more arrest to his several hundred that he would take the stand and commit perjury, so badly he plants the drugs on another person? * * * [I]n order to acquit the defendant you will have to believe that my officers were not being straightforward with you."

While neither of these alleged errors were preserved by appropriate objection at trial, defendant's conviction will be reversed in the interest of justice because we are unable to

conclude that these errors were harmless, given that the evidence of defendant's guilt was not overwhelming *(cf., People v King, supra).* The outcome of the case rested upon the credibility of the two police officers on the one hand and defendant and his witnesses on the other. It simply cannot be said that the prosecutor's remarks on summation coupled with the improper cross-examination could not have influenced the jury in making its credibility determination *(see, People v Webb,* 68 AD2d 331, 333). Accordingly, defendant must be afforded a new trial.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Rensselaer County for a new trial.