FOURTH DEPARTMENT, FEBRUARY, 1995

(February 3, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE WILLIAMS, Appellant. [623 NYS2d 441] —Upon remittitur from the Court of Appeals, judgment unanimously reversed on the law and indictment dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: Defendant was indicted for murder in the second degree in the death of the infant daughter of the woman with whom defendant was living. The medical evidence established that the infant died from non-accidental, severe blunt force trauma to her abdomen on July 31, 1990, resulting in injuries to her liver and mesentery; that the injury occurred between 10:00 A.M. and 2:28 P.M. on July 30, 1990; and that the infant had suffered other suspicious fractures during her seven-week life. The autopsy revealed that the infant had also suffered spiral fractures of the femurs, inflicted seven to 10 days before the fatal injuries. At trial the infant's mother was permitted to testify that, one week before

the fatal injury, defendant had assaulted her and twisted her arm behind her back. The evidence was offered on the issue of identity and was ruled admissible after a *Ventimiglia* hearing. "It is fundamental that evidence of uncharged crimes is not admissible if the sole purpose is to show that the defendant was predisposed to commit the crime charged [citations omitted]" *(People v Allweiss,* 48 NY2d 40, 46). "There must be some additional factor to set the defendant's crimes apart from the ordinary so that 'the mere proof that the defendant had committed a similar act would be highly probative of the fact that he committed the one charged' *(People v Condon,* [26 NY2d 139,] at p 144; see, also, *People v Kennedy,* 27 NY2d 551; McCormick, Evidence, § 190)" *(People v Allweiss, supra,* at 47-48). Defendant was charged with causing the death of the infant by applying blunt force to the abdomen. The testimony of the mother that defendant had assaulted her was not probative of whether defendant did the act that caused the infant's death. That testimony was highly prejudicial in that it painted defendant as one likely to inflict violence on those around him *(see, People v Hudy,* 73 NY2d 40, 54-55).

Defendant was indicted for murder in the second degree but was convicted of the lesser included offense of manslaughter in the second degree. Therefore, the indictment must be dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633, 635; *People v Jackson,* 167 AD2d 893, 894). (Remittitur from Court of Appeals—Appeal from Judgment of Jefferson County Court, Clary, J.—Manslaughter, 2nd Degree.) Present—Lawton, J. P., Callahan, Balio and Boehm, JJ.