■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE WASHINGTON, Appellant. [633 NYS2d 358] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered March 22, 1994, convicting him of attempted murder in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt beyond a reasonable doubt because of the unreliability of the People's main witness. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Duuvon,* 77 NY2d 541). Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant further contends that the trial court improperly precluded the admission of allegedly relevant medical records concerning a psychiatric evaluation of the People's main witness approximately three months after the crime. However, the defendant admitted that the psychiatrist could not testify with any degree of scientific medical certainty that the witness suffered from alcoholism on May 4th, 1993, the day of the incident. The court properly sustained the People's objection on the grounds of relevancy, noting that the witness's alcoholism was not in dispute and that the psychiatrist's testimony and the medical records would force the jury to engage in gross speculation as to whether or not the witness suffered from this condition on the day of the incident (see, People v Ashford, 190 AD2d 886; People v Pike, 131 AD2d 890; People v Aulet, 111 AD2d 822).

In addition, the defendant's challenges to the court's charge are unpreserved for appellate review (see, CPL 470.05 [2]) and we decline to review them in the exercise of our interest of justice jurisdiction.

The sentence imposed was neither harsh nor excessive under the circumstances (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.