■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE T. SMITH, Appellant. [676 NYS2d 288] —White, J. Appeal from a judgment of the County Court of Sullivan County

(LaBuda, J.), rendered June 20, 1997, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree, burglary in the second degree, criminal possession of a weapon in the fourth degree and grand larceny in the third degree.

Defendant was arrested in connection with a robbery that occurred at the Kiamesha Lake post office located in the Town of Thompson, Sullivan County, in which he bound and gagged a female clerk at knifepoint. He made several inculpatory oral and written statements after being advised of his *Miranda* rights and was thereafter indicted for the crimes of robbery in the first degree, robbery in the second degree, burglary in the second degree, criminal possession of a weapon in the fourth degree and grand larceny in the third degree. Prior to trial, defendant moved, *inter alia*, to suppress the statements on grounds that he was not properly informed of his *Miranda* rights and, alternatively, that he did not voluntarily waive those rights. County Court denied the motion. Convicted of all charges contained in the indictment and sentenced to an aggregate prison term of 10 to 20 years, defendant appeals.

Initially, defendant contends that the statements should have been suppressed in light of the People's failure to produce sufficient evidence at the hearing to demonstrate probable cause for his arrest. We disagree. Defendant's suppression motion contained no reference to the alleged illegality of the arrest and focused solely upon the 5th Amendment issue of whether the statements were involuntarily made (*see, People v Patterson*, 53 NY2d 829, 831). Moreover, the factual and legal issues involved in determining the voluntariness of defendant's statements did not sufficiently implicate the 4th Amendment so as to warrant a probable cause hearing (*see, People v Morris*, 182 AD2d 856, 857, *lv denied* 80 NY2d 835; *People v Adams*, 175 AD2d 661, *lv denied* 78 NY2d 1125). Defendant having failed in his initial obligation to allege the illegality of his arrest as a ground for the suppression motion, the People were not required to submit proof that the arrest was supported by probable cause (*see,* CPL 710.60 [1]; *People v Richards*, 228 AD2d 792, *lv denied* 88 NY2d 1024).

We have reviewed defendant's remaining contentions, including the conclusory assertion that he was deprived of the effective assistance of counsel, and find them to be lacking in merit.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.