■ WILLIAM KING, JR., Appellant, v ALBANY COUNTY PUBLIC DEFENDER'S OFFICE et al., Respondents. [680 NYS2d 289] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Donohue, J.), entered December 12, 1997 in Albany County, which, *inter alia*, granted defendant Albany County District Attorney's cross motion for summary judgment dismissing the complaint.

In 1986, plaintiff was the subject of a multicount criminal indictment. Defendant James Banagan, then an Assistant Public Defender in Albany County, was appointed as plaintiff's defense counsel. After a suppression hearing but prior to trial, Banagan informed plaintiff that he was leaving the employ of the Public Defender's office and that another attorney would represent plaintiff. Banagan thereafter assumed a position on the staff of the Albany County District Attorney's office. To avoid the appearance of a conflict of interest, defendant Albany County District Attorney made a motion for the appointment of an independent counsel to prosecute plaintiff's criminal action. The appointment was duly made and, following trial, plaintiff was convicted of the crimes of rape in the first degree (two counts), rape in the second degree, rape in the third degree (two counts) and escape in the first degree (*see*, *People v King*, 170 AD2d 710, *lv denied* 77 NY2d 997).

In 1996, plaintiff commenced the instant action, which arises out of his allegations that Banagan neglected to inform him of his intention to accept a position in the District Attorney's office and the possible conflict of interest engendered thereby, failed to provide him with effective assistance of counsel and conspired with the other defendants to deprive him of his constitutional rights to counsel and a fair trial. Supreme Court denied plaintiff's motion for summary judgment and granted the District Attorney's cross motion, dismissing the entire complaint for failure to state a cause of action. We affirm.

The judgment of conviction against plaintiff (*see*, *People v King*, *supra*) bars the instant civil action, for judicial review of the causes of action alleged in plaintiff's complaint would constitute an impermissible collateral attack thereon (*see*, *Carmel v Lunney*, 70 NY2d 169, 173). "[S]o long as the determination

of [a criminal defendant's] guilt of the [underlying] offense remains undisturbed, no cause of action will lie" (*id.*, at 173). Plaintiff's action is, in addition, barred by the applicable three-year Statute of Limitations (*see*, CPLR 214 [6]) which begins to run "when an injury occurs, even if the aggrieved party is then ignorant of the wrong or injury" (*Ackerman v Price Waterhouse*, 84 NY2d 535, 541). Accordingly, the instant claims accrued on March 3, 1987, the date of plaintiff's conviction.

Plaintiff has, in any event, failed to state a prima facie cause of action. Complete information regarding Banagan's appointment to the District Attorney's staff and the resultant naming of a special prosecutor to represent the People in the prosecution of plaintiff's case was a matter of public record no later than December 16, 1986, when the District Attorney's affidavit, declaring Banagan's appointment to his staff, and the order of the trial court, naming a special prosecutor, were entered in the County Clerk's office. Plaintiff's allegation that defendants actively concealed Banagan's hiring as an Assistant District Attorney must therefore be rejected.

Mikoll, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.