■ JOSEPH W. PLATER, Appellant, v EDMUND J. HOFFMANN, Respondent. [716 NYS2d 433] —Crew III, J. P. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered December 8, 1999 in Cortland County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

In January 1995, defendant was assigned to represent plaintiff in a criminal action in which plaintiff ultimately was indicted and charged with assault in the second degree (two

counts) and burglary in the first degree. Following a jury trial, plaintiff was convicted on all counts and sentenced accordingly. This Court subsequently affirmed plaintiff's conviction in January 1997 (*People v Plater*, 235 AD2d 597, *lv denied* 89 NY2d 1039).

Thereafter, in September 1999, plaintiff commenced this action for legal malpractice alleging that defendant had not properly represented his interests during the course of the underlying criminal action. Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for similar relief. Supreme Court denied plaintiff's motion and granted defendant's cross motion, prompting this appeal.

We affirm. The case law makes clear that no cause of action for legal malpractice stemming from negligent representation in a criminal action will lie where, as here, the determination of the client's guilt remains undisturbed (*see, Carmel v Lunney*, 70 NY2d 169, 171; *Matter of Swain v County of Albany*, 268 AD2d 747, 748, *lv denied* 94 NY2d 764; *King v Albany County Pub. Defender's Off.*, 255 AD2d 770, 770-771, *lv denied* 93 NY2d 801; *Pfeiffer v Hoffman*, 251 AD2d 94). Stated another way, plaintiff's failure to successfully challenge his criminal conviction precludes him from pleading and proving his innocence; he has, therefore, failed to state a cause of action for legal malpractice against defendant (*see, Gill v Blau*, 234 AD2d 506, 507; *Doyle v Ruskin*, 230 AD2d 888, *appeal dismissed* 90 NY2d 883). Plaintiff's remaining arguments have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.