■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRITTAIN J. PURCELLE, Appellant. [725 NYS2d 106] —Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 3, 1997, (1) upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree, and (2) upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant was convicted, following a jury trial, of criminal possession of a weapon in the third degree and sentenced as a second felony offender to a six-year term of imprisonment. The charge stemmed from an incident in the Village of Johnson City, Broome County, on August 18, 1996 in which a shopping mall security guard approached defendant and another male in the mall parking lot, observed the other male smoking marihuana and asked them to accompany him inside, whereupon defendant ran away and dropped a handgun, which discharged. The security guard recovered the gun and provided a description of defendant to police. Shortly thereafter, defendant was stopped by a police officer and, upon questioning, admitted "you've got me * * * I'm under arrest" and was taken into custody.

Defendant's sole contention on appeal from this conviction is that he was arrested without probable cause and, thus, his trial motion to dismiss the indictment made at the close of the People's proof should have been granted. We disagree and, therefore, affirm the judgment of conviction rendered upon the jury's verdict.

Initially, defendant never requested a probable cause or *Dunaway* hearing (*see, Dunaway v New York*, 442 US 200) as part of his omnibus motion or otherwise. While he moved for and obtained *Wade, Huntley* and *Sandoval* hearings and rulings, defendant's suppression motion did not allege or refer to the claimed illegality of his arrest and, accordingly, that issue did not arise and was not decided at the suppression hearing, a fact defendant does not dispute on appeal. As a result, the

People were not required to submit proof that the arrest was supported by probable cause and the issue is unpreserved for our review (*see, People v Smith*, 252 AD2d 737, *lv denied* 92 NY2d 1038).

Notably, the suppression court, in denying defendant's *Huntley* motion, determined that defendant had been properly stopped by police for a general inquiry and was not taken into custody until after he made an incriminating statement. As such, the factual and legal issues involved in determining that defendant's statements were precustodial did not sufficiently implicate a Fourth Amendment probable cause inquiry (*see, id.; see also, People v Hollman*, 79 NY2d 181, 184-185, 190-191). Further, as defendant never argued to County Court that the show-up identification by the security guard should be suppressed based upon any alleged illegality in his detention or arrest, that inquiry properly focused solely upon the reasonableness and claimed suggestiveness of the identification procedure employed (*see, People v Ortiz*, 90 NY2d 533). Also, at the suppression hearing, defense counsel expressly waived that portion of defendant's omnibus motion seeking suppression of unspecified physical evidence pursuant to CPL 710.20 (1).

Finally, defendant's unsuccessful trial motion to dismiss the indictment—made at the close of the People's proof—was premised solely on the claimed failure of the People to prove defendant guilty beyond a reasonable doubt, and was not directed at the legality of his arrest which the People, in any event, were not required to prove at trial. Accordingly, defendant's challenges to the legality of his arrest—raised for the first time on this appeal—are not preserved for our review (*see*, CPL 470.05 [2]).

With regard to defendant's conviction upon his plea to a superior court information charging him with criminal sale of a controlled substance in the fifth degree, defendant raises no issues in his appellate brief pertaining thereto and, as a result, that aspect of his appeal is deemed abandoned (*see, People v Mathews*, 176 AD2d 1135, 1136). Accordingly, the judgment of conviction is, in all respects, affirmed.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.