THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUANAPARKER HOWARD, Appellant. [741 NYS2d 482] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered July 16, 1999, convicting defendant after a jury trial of, inter alia, assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant failed to preserve for our review his contention that Supreme Court erred in permitting the prosecutor to cross-examine the codefendant with respect to those parts of the codefendant's intercepted telephone conversation implicating defendant (*see* CPL 470.05 [2]; *People v Molling*, 238 AD2d 915, 915; *People v Johnson [Clarence]*, 224 AD2d 635, 637-638, *lv denied* 88 NY2d 849). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). The court properly precluded defendant from introducing evidence concerning his reputation for truth and veracity where, as here, that evidence did not relate to the traits involved in the charges against him (*see People v Fanning*, 209 AD2d 978, 978-979, *lv denied* 85 NY2d 908; *People v Sullivan*, 177 AD2d 673, *lv denied* 79 NY2d 864). Although the court erred in limiting defendant's introduction of evidence with respect to defendant's reputation for peacefulness (*see generally People v Bouton*, 50 NY2d 130, 138-140), that error is harmless (*see People v Crimmins*, 36 NY2d 230, 241-242).

In moving to suppress his statement to the police, defendant did not allege that the statement was the product of an illegal arrest. "As a result, the People were not required to submit proof that the arrest was supported by probable cause," and

defendant's present contention is unpreserved for our review (*People v Purcelle,* 282 AD2d 824, 824-825; *see also People v Smith,* 252 AD2d 737, 738, *lv denied* 92 NY2d 1038). The court properly precluded defendant from introducing evidence concerning entries in the hospital record of the victim that were not germane to his treatment or diagnosis (*see Musaid v Mercy Hosp. of Buffalo,* 249 AD2d 958, 959), expert testimony with respect to the victim's veracity and suggestibility (*see People v Johnston,* 273 AD2d 514, 517-518, *lv denied* 95 NY2d 935), the mental health records of the victim (*see People v Washington,* 221 AD2d 391, 392, *lv denied* 87 NY2d 926) and evidence contradicting the codefendant's testimony on a collateral matter (*see Badr v Hogan,* 75 NY2d 629, 634-635). The evidence of serious physical injury is legally sufficient to support defendant's conviction of assault in the first degree (Penal Law § 120.10 [1], [3]) and assault in the second degree (§ 120.05 [8]; *see People v McCann,* 292 AD2d 804). Defendant failed to preserve for our review his contention that his conviction of unlawful imprisonment in the first degree merged with his conviction of assault in the second degree (*see People v Balde,* 260 AD2d 579, *lv denied* 93 NY2d 966), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to the further contention of defendant, he may be held liable for intentionally aiding the codefendant to engage in conduct constituting the offense of assault in the first degree under the first count of the indictment (*see* Penal Law § 120.10 [3]) where, as here, the proof establishes that defendant acted "with the mental culpability required for the commission" of that offense, i.e., recklessness (Penal Law § 20.00; *see People v Flayhart,* 72 NY2d 737, 741). The sentence is not unduly harsh or severe. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.