■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SKINNER, Appellant. [747 NYS2d 857] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Austin, J.), rendered January 28, 2000, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Defendant was indicted on multiple charges ranging from murder in the second degree to endangering the welfare of child as the result of the death of a 3½-month-old infant who was in his care when she received traumatic injuries to her head. After a mistrial resulting from a jury's inability to reach a verdict, defendant was retried and found guilty of manslaughter in the second degree. The People's case was based primarily on the fact that the infant sustained the fatal injuries while in defendant's exclusive care and on the opinions of their experts that the injuries could not have been sustained in the manner described by defendant. According to defendant, he fell

on a patch of ice while carrying the infant in his arms and did not realize that she had been seriously injured in the fall until she subsequently stopped breathing.

During the trial, the People introduced, over defendant's objection, an autopsy photograph showing the infant's exposed skull, with the scalp pulled forward to reveal the flesh and bone beneath. When the record on appeal was prepared, it was discovered that this photograph was missing. Defendant contends that, as a result, he has been deprived of meaningful review of the claimed error in the admission of the photograph and that, therefore, the judgment must be reversed. We disagree. Where, as here, an exhibit has " 'substantial importance' to the issues in the case," the critical inquiry is whether "the information in the missing exhibit can be gleaned from the record [with] no dispute as to its accuracy" (*People v Yavru-Sakuk*, 98 NY2d 56, 60). Barbara Wolf, a forensic pathologist who testified for the People, described the photograph in detail and there is no dispute as to the accuracy of that description. Accordingly, the loss of the exhibit itself does not prevent proper appellate review (*see id.*).

According to Wolf's description, the photograph revealed three distinct areas of bruising and Wolf concluded that the infant died as the result of at least three separate blunt force injuries to her head and brain. The photograph, therefore, was clearly relevant in that it tended to disprove defendant's claim that the fatal injury was accidental and occurred when he fell with her in his arms. In light of the demonstrated relevance of the photograph, the question of whether to permit the jury to view it was within the sound discretion of the trial court (*see People v Stevens*, 76 NY2d 833, 835) and we see no abuse of that discretion in this case. The fact that the photograph was gruesome did not preclude its admission, since it was not offered for the sole purpose of arousing the emotions of the jury or to prejudice defendant (*see People v Wood*, 79 NY2d 958, 960).

Defendant next claims that improper remarks by the prosecutor during summation warrant reversal of his conviction. While this argument was not preserved for appellate review, we nevertheless exercise our discretion and reverse on this issue in the interest of justice (*see* CPL 470.15 [6] [a]; *see also People v Nevedo*, 202 AD2d 183, 184). Considering the severity and frequency of the improprieties throughout the summation in which the prosecutor made at least a dozen direct references to defendant being a liar, made other references to defendant's "false" and/or "tailored story" and

denigrated the defense expert by characterizing him as a puppeteer with defendant as his puppet, a new trial is warranted (*see People v Walters*, 251 AD2d 433, 434; *People v Nevedo, supra* at 185-186). In short, the misconduct was so flagrant and pervasive as to compel the conclusion that defendant was deprived of a fair trial (*see id.; see also People v Fiori*, 262 AD2d 1081; *People v Tarantola*, 178 AD2d 768, 770, *lv denied* 79 NY2d 954; *People v Hernandez*, 159 AD2d 722).

Since a retrial is warranted, it is necessary to comment on one final contention alleged by defendant, namely, that County Court erred in permitting his former wife to testify that one year prior to the incident alleged in the indictment he improperly disciplined his five-year-old stepdaughter. The evidence was offered to show that the fatal injuries to the infant were not the result of an accident. In our view, this single incident concerning defendant's prior discipline of a toddler was not sufficiently probative to the conduct alleged in the indictment to permit its admissibility under any *Molineux* exception (*see People v Williams*, 212 AD2d 957, 958, *lv denied* 85 NY2d 982; *cf. People v Henson*, 33 NY2d 63, 72-73; *People v Pope*, 241 AD2d 756, 759, *lv denied* 91 NY2d 1011; *People v Engler*, 150 AD2d 827, 829, *lv denied* 75 NY2d 770; *People v Tinning*, 142 AD2d 402, 406, *lv denied* 73 NY2d 1022), and the testimony was highly prejudicial in that it portrayed defendant as one likely to inflict violent injuries on children (*see People v Williams, supra*). Moreover, the error was compounded by the prosecutor's disregard of the limited purpose of its admissibility during summation wherein she argued that the prior incident demonstrated defendant's violent propensity toward children.

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Schenectady County for a new trial.