■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD RUSSELL, Appellant. [761 NYS2d 400] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered January 22, 2002, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal possession of stolen property in the fifth degree.

Defendant was charged with burglary in the second degree and criminal possession of stolen property in the fifth degree after he entered a dwelling in the City of Schenectady, Schenectady County, which was occupied at the time by a 76-year-old woman (hereinafter the victim), and removed various items of personal property belonging to her. After certain pretrial hearings, the case went to trial. The People presented evidence that, shortly after the victim called 911, defendant was apprehended by the police running down a street near the scene with a shopping cart filled with the victim's personal possessions, and that he and the property were subsequently identified by the victim. Testifying on his own behalf, defendant did not deny entering the dwelling or taking the property, but maintained that he had been hired by a demolition company to remove trash and debris from the dilapidated building and only took items he believed were to be discarded. Defendant was ultimately convicted of the charges. Thereafter, he moved pursuant to CPL article 330 to set aside the verdict on grounds of juror and prosecutorial misconduct. County Court denied the motion and sentenced defendant as a second felony offender to a determinate five-year prison term on the burglary conviction and a one-year jail term on the criminal possession conviction, to run concurrently.

Defendant's main contention on appeal is that he was deprived of a fair trial by the prosecutor's misconduct, particularly her comments during summation, when she, among other things, repeatedly characterized defendant's testimony as "lies" and "tall tale[s]," and otherwise sought to discredit him. Based upon our review of the record and given the cumulative effect of the prosecutor's errors, we agree. It is well settled that a prosecutor may not express personal opinions concerning the credibility of witnesses who testify at trial (*see People v Tarantola*, 178 AD2d 768, 769-770 [1991], *lv denied* 79 NY2d 954 [1992]; *People v Proper*, 177 AD2d 863, 864 [1991], *lv denied* 79 NY2d 922 [1992]), or "appeal to the sympathies and fears of the jury" (*People v LaPorte*, 306 AD2d 93, 96 [2003]). Where a prosecutor commits such improprieties, reversal of the conviction is warranted if "the conduct has caused substantial prejudice to the defendant so that he has been denied due process of law" (*People v Tarantola, supra* at 770). "Resolution of that question turns on the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct" (*id.* at 770 [citation omitted]; *see People v Calabria*, 94 NY2d 519, 523 [2000]).

Here, the prosecutor's summation is replete with inappropriate remarks wherein she, among other things, referred to various statements made by defendant as lies and "tall tale[s]," commented that defendant's appearance was suggestive of dishonesty, referred to defendant's possession of a Bible as a "prop" and characterized defendant's crying on the stand as an attempt to evoke juror sympathy. While not all of the prosecutor's errors were preserved by appropriate objection, we nevertheless exercise our discretion and reverse in the interest of justice (see CPL 470.15 [6] [a]; *People v Skinner*, 298 AD2d 625, 626 [2002]; *People v Roundtree*, 190 AD2d 879, 880-881 [1993]). Significantly, defendant's credibility was central to his defense as he maintained that he had been hired by a demolition company to clean out the dwelling, which he believed was abandoned and in serious disrepair. Moreover, the few curative instructions issued by County Court did not alleviate the prejudice, as the court merely instructed the jury to consider the prosecutor's arguments in assessing witness credibility. Given the magnitude of the prosecutor's errors, the limitations of County Court's curative instructions and the fact that defendant's credibility was integral to his defense, we conclude that defendant was deprived of a fair trial (see e.g. *People v LaPorte, supra*; *People v Skinner, supra*; *People v Roundtree, supra*). In view of our disposition, we need not reach defendant's remaining claims.

Cardona, P.J., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Schenectady County for a new trial.