■ The People of the State of New York, Respondent, v Dennis F. Bray, Appellant. [848 NYS2d 738]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered March 19, 2007 in Clinton County, convicting defendant following a nonjury trial of three counts of the crime of endangering the welfare of a child.

Defendant and his estranged wife, Allyson Bray, engaged in an incident of domestic violence in the presence of their three children, the eldest of whom was nine years of age. As a result, four misdemeanor complaints were issued against defendant. The first charged him with attempted assault in the third degree, the pertinent language being that "[t]he defendant was involved in a domestic dispute with Allyson Bray. During said dispute the defendant did intentionally head butt Allyson in the face. The actions of the defendant caused Allyson to sustain a bloody nose as well as swelling around the nose. These actions were an intentional attempt to cause physical injury to the victim." The other three misdemeanor complaints charge defendant with endangering the welfare of a child and each is identical with the exception of the name of the child. The relevant language of each is that "the defendant, during a domestic dispute did intentionally head butt Allyson Bray in the face causing her to sustain a bloody nose. The above mentioned ac-

tion of the defendant took place in the presence of [names and birth dates of children]. The defendant knowingly acted in a manner likely to be injurious to the physical, mental and moral welfare of said child."

Following a nonjury trial, defendant was found not guilty of the attempted assault charge, but guilty of endangering the welfare of each of his three children. Defendant's motion pursuant to CPL 330.30 was denied without explanation. Sentenced, among other things, to three years of probation, defendant appeals, arguing that the People were impermissibly allowed to amend the criminal informations during trial, Supreme Court issued a repugnant verdict, and the evidence is legally insufficient to support the guilty verdicts. We disagree and affirm.

Defendant's first argument is that Supreme Court impermissibly permitted the prosecutor, in her closing statement, to "in effect" amend the criminal informations charging him with endangering the welfare of his children. This argument, in turn, is premised on his observation that since the court found him not guilty of the attempted assault of "head butting" his wife and because the endangering the welfare of the children complaints were premised on the same "head butting" incident, his convictions must necessarily rest on uncharged criminal conduct. The flaw in this argument is that it too narrowly focuses on the complaints and ignores the supporting depositions. Pursuant to the provisions of CPL 170.65, a misdemeanor complaint does not support a prosecution. However, if a misdemeanor complaint supplemented by supporting depositions, taken together, satisfy the requirements for a valid information, the complaint is deemed to have been converted to and constitutes a replacing information. Attached to the complaints were domestic incident reports signed by Bray and a statement that she made to the police which, when read with the complaint, alleged that defendant started a confrontation at the residence which escalated from a verbal dispute to a physical dispute in the presence of the children, and defendant refused to leave the premises and blocked the way so that the victim's sister could not leave with the children. Simply put, defendant was charged with conduct in addition to the head butting incident, and the prosecution's reference to such conduct, in summation, did not amend the informations. In short, the informations were sufficient to inform defendant of the nature of the charge and the acts constituting it so that he could prepare for trial and protect himself from being tried again for the same offense (*see People v Miles*, 64 NY2d 731, 732 [1984]).

Defendant's second argument, that the verdicts are repugnant, is also without merit. A verdict is repugnant only when a defendant is found not guilty of one crime which contains a necessary element of another crime for which a guilty verdict was rendered (*see People v Tucker*, 55 NY2d 1, 7 [1981]; *People v Cole*, 35 AD3d 911, 912 [2006], *lv denied* 8 NY3d 944 [2007]). The elements of endangering the welfare of a child are that the defendant acted in a manner likely to be injurious to a child, that he or she did so knowingly (i.e., that he or she was aware that his or her acts were likely to cause harm) and that the child was less than 17 years old. Clearly, even if defendant's assumption that Supreme Court found that he did not "head butt" his wife is correct, that conduct is only a fraction of the conduct with which defendant was charged and no element of attempted assault is a necessary element of endangering the welfare of a child. Moreover, defendant's assumption may be incorrect in that it is not possible to tell from this record whether the not guilty verdict was based on a lack of evidence of intent to cause physical injury rather than on a lack of evidence that he actually "head butted" his wife.

Lastly, viewing the evidence in the light most favorable to the People (*see People v Albanese*, 38 AD3d 1015, 1016-1017 [2007], *lv denied* 8 NY3d 981 [2007]; *People v Jiminez*, 36 AD3d 962, 963-964 [2007], *lv denied* 8 NY3d 947 [2007]), there is a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by Supreme Court. To convict a defendant of child endangerment, the evidence must demonstrate that the defendant knowingly acted "in a manner likely" to injure the "physical, mental or moral welfare of a child" under 17 years of age (Penal Law § 260.10 [1]). Actual harm need not result; it is sufficient that a defendant act in a manner that he or she knows is likely to result in potential harm to a child (*see People v Johnson*, 95 NY2d 368, 371-372 [2000]; *People v Simmons*, 92 NY2d 829, 830 [1998]). Here, there was evidence that the verbal and physical confrontation terrified the children, who were crying and screaming hysterically. Moreover, defendant admitted that he refused to leave the premises, he could have ended the confrontation simply by leaving and he refused to permit the children to be removed from the premises and physically blocked their exit.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.