■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PETTINE, Appellant. [857 NYS2d 389]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered March 14, 2003. The judgment convicted defendant upon a jury verdict of, inter alia, assault in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the third degree (Penal Law § 120.00 [1]) and endangering the welfare of a child (§ 260.10 [1]). Contrary to the contentions of defendant, the evidence is legally sufficient to support his conviction of those counts (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim testified that defendant bent her over a sink, choked her, threatened to kill her, and attempted to attack her with scissors and knives. The incident occurred in the presence of their two-year-old son, who was crying and screaming. The victim went to the emergency room both shortly after the incident and two days later, and she also sought treatment from her physician. She testified that she had severe back pain for more than two weeks, as well as severe pain in her throat and jaw and difficulty swallowing, which lasted 1½ to 2 weeks. We thus conclude that the evidence is legally sufficient to establish that the victim sustained a physical injury, i.e., "impairment of physical condition or substantial pain" to support the assault conviction (Penal Law § 10.00 [9]; *see People v Black*, 304 AD2d 905, 906, 908 [2003], *lv denied* 100 NY2d 578 [2003]; *People v Cancer*, 232 AD2d 875, 876 [1996], *lv denied* 89 NY2d 984

[1997]), and that defendant knowingly acted in a manner that was likely to result in harm to the child, to support the conviction of endangering the welfare of a child (*see* Penal Law § 260.10 [1]; *People v Bray*, 46 AD3d 1232, 1234 [2007]; *People v Betters*, 41 AD3d 1040, 1041 [2007]; *see generally People v Johnson*, 95 NY2d 368, 371-372 [2000]).

Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant failed to preserve for our review his contention that County Court erred in charging the jury with respect to the count charging defendant with endangering the welfare of a child (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.