THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CARLOS L. RIVERA, Appellant. [894 NYS2d 661]—

Appeal from a judgment of the Jefferson County Court (Kim
H. Martusewicz, J.), rendered September 15, 2008. The judg-
ment convicted defendant, upon a jury verdict, of arson in the
second degree, assault in the second degree (two counts), reck-
less endangerment in the first degree (two counts), criminal
mischief in the second degree, burglary in the second degree, as-
sault in the third degree and menacing in the second degree
(two counts).

It is hereby ordered that the judgment so appealed from is af-
firmed.

Memorandum: Defendant appeals from a judgment convicting
him upon a jury verdict of, inter alia, arson in the second degree
(Penal Law § 150.15). Defendant failed to preserve for our
review his contention that he was denied a fair trial when the
prosecutor failed to correct the testimony of a witness who
stated that he had not been offered a benefit for his testimony,
and compounded that error by making misleading comments
during summation concerning that witness's testimony (see
People v Hendricks, 2 AD3d 1450 [2003], lv denied 2 NY3d 762
[2004]). In any event, we conclude that the error is harmless
inasmuch as there is no reasonable possibility that it might
have contributed to the verdict (see People v Pressley, 91 NY2d
825, 827 [1997]; cf. People v Colon, 13 NY3d 343, 349-350
[2009]). Defendant also failed to preserve for our review his
contention that County Court erred in instructing the jury with
respect to the counts charging him with assault in the second
degree (Penal Law § 120.05 [6]), burglary in the second degree
(§ 140.25 [2]) and reckless endangerment in the first degree
(§ 120.25) under the seventh count of the indictment (see CPL
470.05 [2]; People v Pettine, 50 AD3d 1517 [2008]). We decline to
exercise our power to review that contention as a matter of
discretion in the interest of justice (see CPL 470.15 [6] [a]). De-
fendant's further contention that the evidence is legally insuf-
ficient to support the conviction of two counts of assault in the

second degree, one count of menacing in the second degree (Penal Law § 120.14 [1]), and reckless endangerment in the first degree under the seventh count of the indictment is also unpreserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]).

We reject the contention of defendant that he was denied effective assistance of counsel. "[D]efendant failed to meet his burden of demonstrating the absence of strategic or other legitimate explanations for [defense] counsel's alleged shortcomings" (*People v Childres*, 60 AD3d 1278, 1278 [2009], *lv denied* 12 NY3d 913 [2009] [internal quotation marks omitted]). Finally, defendant correctly concedes that he failed to preserve for our review his further contention that, based on Penal Law § 60.27 (5) (a), the court was not authorized to order restitution in excess of $15,000 (*see generally People v Peck*, 31 AD3d 1216 [2006], *lv denied* 9 NY3d 992 [2007]; *People v Melino*, 16 AD3d 908, 911 [2005], *lv denied* 5 NY3d 791 [2005]). In any event, we conclude that the court properly ordered restitution in an amount sufficient to compensate the victims for their "actual out-of-pocket loss" caused by defendant's criminal conduct (Penal Law § 60.27 [1]; *see generally People v Horne*, 97 NY2d 404, 412 [2002]; *People v Denno*, 56 AD3d 902, 903-904 [2008], *lv denied* 12 NY3d 757 [2009]). In his brief, defendant failed to challenge the restitution order on any other ground, including the court's failure to conduct a hearing on the amount of restitution or the recipients thereof. We thus conclude that he has abandoned any such challenges (*see generally People v Purcelle*, 282 AD2d 824, 825 [2001]; *People v Mathews*, 176 AD2d 1135, 1136 [1991]).

All concur except Hurlbutt, J.P., who is not participating, and Fahey, J., who dissents in part and votes to modify in accordance with the following memorandum.

Fahey, J. (dissenting in part). I respectfully dissent in part and would modify the judgment because, in my view, County Court erred in ordering defendant to pay restitution totaling $402,801, including a surcharge, without conducting a hearing. I note at the outset that, although defendant concedes that he failed to preserve his contention for our review (*see* CPL 470.05 [2]), I conclude that his contention warrants the exercise of our power to review the contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Pursuant to Penal Law § 60.27 (1), a court may "require the defendant to make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby." Further, section 60.27 (5) (a) provides that, when a defendant is

convicted of a felony, the amount of restitution shall not exceed $15,000. The court may in its discretion exceed that limit, however, provided "that the amount in excess [is] limited to the return of the victim's property, including money, or the equivalent value thereof" (§ 60.27 [5] [b]). Arson victims are entitled to restitution for out-of-pocket expenses incurred as a result of a fire (*see generally People v Hall-Wilson*, 69 NY2d 154, 156-158 [1987]; *People v Wojes*, 306 AD2d 754, 758 [2003], *lv denied* 100 NY2d 600 [2003]).

In the absence of a restitution hearing we are, under these circumstances, unable to determine the proper amount of restitution. Indeed, without a hearing there is no evidence in the record to support the court's determination to exceed the statutory limit for restitution. I therefore would modify the judgment by vacating the amount of restitution ordered, and I would remit the matter to County Court for a hearing to determine the amount of restitution. Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Gorski, JJ.