# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**298**
**KA 14-00197**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JEROME THOMPSON, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (GREGORY A. KILBURN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (ERIC R. SCHIENER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered December 16, 2013.  The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]).  Contrary to the contention of defendant, we conclude that there was a reasonable basis articulated on the record to justify the determination to have him handcuffed when he testified before the grand jury (*see People v Rouse*, 79 NY2d 934, 935; *People v Jacobs*, 298 AD2d 954, 955, *lv denied* 99 NY2d 559).  Defendant's contention that he was denied a fair trial based upon prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]; *People v Ross*, 118 AD3d 1413, 1416-1417, *lv denied* 24 NY3d 964) and, in any event, is without merit.  We agree with defendant that the prosecutor acted improperly by eliciting testimony from defendant on cross-examination that several of the People's witnesses were mistaken (*see People v Railey*, 214 AD2d 455, 455, *lv denied* 86 NY2d 800; *People v Roundtree*, 190 AD2d 879, 880), calling a rebuttal witness to impeach defendant's credibility with respect to a collateral matter (*see People v Pavao*, 59 NY2d 282, 288-289; *People v Burns*, 122 AD3d 1435, 1436), and injecting his own credibility into the trial (*see People v Paperno*, 54 NY2d 294, 300).  We conclude, however, that those improprieties were "not so egregious as to deprive defendant of his right to a fair trial, when viewed in the totality of the circumstances of this case" (*People v Martina*, 48 AD3d 1271, 1273, *lv denied* 10 NY3d 961 [internal quotation marks omitted]; *see People v Gonzalez*, 206 AD2d 946, 947, *lv denied* 84 NY2d 867).  Indeed, the

improper conduct merely highlighted defendant's claim that the incident never occurred and that the entire case against him was fabricated.

Finally, the sentence, although the statutory maximum, is not unduly harsh or severe, particularly in view of defendant's lengthy criminal history and disciplinary record while incarcerated.

Frances E. Cafarell

Entered: March 27, 2015

Clerk of the Court