■ The People of the State of New York, Respondent, v Nathaniel Ray, Appellant. [811 NYS2d 259]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered January 14, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of criminal possession of stolen property in the fourth degree and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal possession of stolen property in the fourth degree (§ 165.45 [4]). Defendant contends that Supreme Court misinformed him with respect to his right to be present at sidebar conferences by stating that "[he] can either waive or [he] can come up. It's one way or the other." Defendant contends that, as a result of the misinformation, his waiver of the right to be present was invalid. Defendant failed to preserve his contention for our review, inasmuch as he failed to object to the choice offered by the

court (*see People v King*, 234 AD2d 391 [1996], *lv denied* 89 NY2d 986 [1997]). In any event, the record establishes that defendant's express waiver of the right to be present was indeed valid (*see People v Vargas*, 88 NY2d 363, 375-378 [1996]). Defendant failed to move to dismiss the indictment within the five-day statutory period on the ground that he was denied his right to testify before the grand jury (*see* CPL 190.50 [5] [c]). Defendant thereby waived his right to testify before the grand jury (*see id.*), and thus the court properly denied his motion to dismiss the indictment on the alleged ground that he was denied his right to testify before the grand jury. Defendant failed to preserve for our review his contention that he was denied a fair trial by a comment made by the prosecutor on summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's contention, the conviction of criminal possession of a weapon in the third degree is supported by legally sufficient evidence, and the verdict with respect to that count is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). As the People correctly concede, however, the evidence is legally insufficient to support the conviction of criminal possession of stolen property in the fourth degree, and we therefore modify the judgment accordingly. Finally, the sentence imposed on the conviction of criminal possession of a weapon is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.