# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

512
KA 10-00326
PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMES ARMSTRONG, DEFENDANT-APPELLANT.

---

CHRISTOPHER J. PELLI, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered December 1, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of marihuana in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of marihuana in the third degree (Penal Law § 221.20). We reject defendant's contention that he was improperly permitted to proceed pro se. The record establishes that defendant made a "knowing, voluntary and intelligent waiver of the right to counsel" (*People v Arroyo*, 98 NY2d 101, 103). The record further establishes that defendant adhered to that waiver throughout the proceedings, despite the " 'searching inquir[ies]' " by County Court "to make him 'aware of the dangers and disadvantages of self-representation' " and the fact that the court impressed upon him the value of trained trial counsel knowledgeable about criminal law and procedure (*People v Providence*, 2 NY3d 579, 582; *see People v Crampe*, 17 NY3d 469, 481-482). The court properly refused to permit standby counsel, while defendant was proceeding pro se, to conduct jury selection on defendant's behalf (*see People v Brown*, 6 AD3d 1125, 1126, *lv denied* 3 NY3d 657). "A criminal defendant has no Federal or State constitutional right to hybrid representation . . . While the Sixth Amendment and the State Constitution afford a defendant the right to counsel or to self-representation, they do not guarantee a right to both . . .[, and] a defendant who elects to exercise the right to self-representation is not guaranteed the assistance of standby counsel during trial" (*People v Rodriguez*, 95 NY2d 497, 501).

By failing to move to dismiss the indictment within the five-day statutory period on the ground that he was denied his right to testify

before the grand jury (*see* CPL 190.50 [5] [c]; *People v Ray*, 27 AD3d 1056, 1057, *lv denied* 7 NY3d 761), defendant thus waived his right to testify before the grand jury and his contention that the indictment should have been dismissed based on the denial of his right to testify before the grand jury lacks merit (*see Ray*, 27 AD3d at 1057). Finally, the conclusory allegations made by defendant in support of his suppression motion were not sufficient to warrant a hearing, and the court properly summarily decided the motion (*see* CPL 710.60 [3] [b]; *People v Haskins*, 86 AD3d 794, 795-796, *lv denied* 17 NY3d 903; *see also People v Jeffreys*, 284 AD2d 550, *lv denied* 99 NY2d 536; *People v Gadsden*, 273 AD2d 701, 701-702, *lv denied* 95 NY2d 934).

Entered:  April 27, 2012                          Frances E. Cafarell
                                                  Clerk of the Court