# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1242**
**KA 13-00408**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ALLEN J. BURNS, DEFENDANT-APPELLANT.

---

ADAM H. VAN BUSKIRK, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered October 30, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (three counts), assault in the second degree (four counts), criminal obstruction of breathing or blood circulation (four counts), criminal mischief in the fourth degree (three counts), and harassment in the second degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and four counts of assault in the second degree (§ 120.05 [2]). Defendant contends that he was denied a fair trial by prosecutorial misconduct on summation. We note that defendant failed to object to many of the alleged instances of misconduct, and thus his challenges to those remarks are unpreserved for our review (*see* CPL 470.05 [2]; *People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849). We decline to exercise our power to review those alleged instances of misconduct as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). With respect to the alleged instances of misconduct that are preserved for our review, we conclude that any improper remarks were " 'not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968, *lv denied* 100 NY2d 583).

Defendant next contends that County Court erred in refusing to admit testimony regarding the victim's psychiatric history. We reject that contention. Two of the questions posed by defense counsel would have elicited inadmissible hearsay (*see People v Romero*, 78 NY2d 355, 361), and the third question was an improper attempt to impeach the

victim's credibility by seeking contradictory testimony from another witness on a collateral matter (*see People v Pavao*, 59 NY2d 282, 288-289).

Defendant contends that the evidence is legally insufficient with respect to two counts each of criminal possession of a weapon in the third degree and assault in the second degree because the People failed to establish that the alleged weapons constituted "dangerous instruments." A dangerous instrument is "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). Serious physical injury is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (§ 10.00 [10]). Here, the evidence is legally sufficient to establish that the door was a dangerous instrument when defendant rammed it into the victim's leg (*see People v Coleman*, 82 AD3d 1593, 1594, *lv denied* 17 NY3d 793; *see also People v Smith*, 27 AD3d 894, 895-897, *lv denied* 6 NY3d 898). The evidence is also legally sufficient to establish that the knife was a dangerous instrument when defendant struck the victim's head with the handle of the knife (*see People v Wooden*, 275 AD2d 935, 935, *lv denied* 96 NY2d 740). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that the first two counts of the indictment were defective because they were unreasonably vague (*see People v Erle*, 83 AD3d 1442, 1443, *lv denied* 17 NY3d 794), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's contention, he was not denied effective assistance of counsel by defense counsel's failure to request a *Huntley* hearing. It is well settled that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152) and, here, defendant failed to show that a *Huntley* hearing would have resulted in the suppression of defendant's videotaped confession (*see People v Snyder*, 100 AD3d 1367, 1369-1370, *lv denied* 21 NY3d 1010).

Inasmuch as defendant failed to show good cause for substituting his second assigned attorney with a new attorney (*see People v Linares*, 2 NY3d 507, 510), the court did not err in denying defendant's application seeking new counsel. The court also properly denied defendant's request to proceed pro se because defendant's request was equivocal (*see generally People v Gillian*, 8 NY3d 85, 88; *People v Alexander*, 109 AD3d 1083, 1084). "By failing to move to dismiss the indictment within the five-day statutory period on the ground that he was denied his right to testify before the grand jury .

. . , defendant thus waived his right to testify before the grand jury and his contention that the indictment should have been dismissed based on the denial of his right to testify before the grand jury lacks merit" (*People v Armstrong*, 94 AD3d 1552, 1552-1553, *lv denied* 19 NY3d 957; *see People v Hardy*, 49 AD3d 1232, 1232-1233, *affd* 13 NY3d 805; *People v Kyle*, 56 AD3d 1203, 1203, *lv denied* 12 NY3d 785).

The sentence is not unduly harsh or severe.  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court