People v Moore (2018 NY Slip Op 06117)





People v Moore


2018 NY Slip Op 06117


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2014-01365
 (Ind. No. 10416/11)

[*1]The People of the State of New York, respondent,
v
Andre Moore, appellant.


The Legal Aid Society, New York, NY (William B. Carney of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. DelGiudice, J.), rendered January 15, 2014, convicting him of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, assault in the second degree, and robbery in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, to a determinate term of imprisonment of 10 years on the conviction of attempted murder in the second degree, to determinate terms of imprisonment of 5 years on the convictions of criminal possession of a weapon in the second degree, assault in the second degree, and robbery in the second degree, with all terms to run consecutively, except the terms for murder in the second degree and criminal possession of a weapon in the second degree, which are to run concurrently.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all sentences shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting the convictions (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt on each of the convictions beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that the Supreme Court improperly admitted testimony regarding the defendant's gang, a rival gang, and a posting from the Facebook page of one of the defendant's gang's members. In any event, the contention is without merit. Such evidence constituted background on the gangs' purpose and was probative of motive, and the probative value of the evidence outweighed the risk of prejudice to the defendant (see People v Molineaux, 168 NY 264, 293; People v Giuca, 58 AD3d 750; People v Washington, [*2]28 AD3d 335; People v Elder, 12 AD3d 379; People v Edwards, 295 AD2d 270). Moreover, the court's limiting instruction to the jury served to alleviate any prejudice resulting from the admission of the evidence (see People v Beer, 146 AD3d 895; People v Holden, 82 AD3d 1007).
The defendant failed to preserve for appellate review his contention that the Supreme Court improperly curtailed the scope of cross-examination of a police detective about an action commenced against that witness for allegedly using excessive force in the line of duty (see CPL 470.05[2]). In any event, any error regarding the scope of cross-examination was harmless, as there was overwhelming evidence of the defendant's guilt, and no reasonable possibility that the error might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 237-238; People v Wallace, 60 AD3d 1268, 1270; People v Batista, 113 AD2d 890, 891).
The defendant's further contention that the Supreme Court's curtailment of his cross-examination of both a police witness and a civilian witness constituted a violation of his right of confrontation and to present a defense is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit. "The nature and extent of cross-examination is subject to the sound discretion of the Trial Judge" (People v Schwartzman, 24 NY2d 241, 244, remittitur amended 24 NY2d 914; see People v Kinard, 215 AD2d 591). Here, the court providently exercised its discretion in limiting the defense's cross-examination of the witnesses, because the defense's line of inquiry would have elicited inadmissible hearsay testimony (see People v Romero, 78 NY2d 355; People v Burns, 122 AD3d 1435). Furthermore, insofar as the court afforded defense counsel the opportunity to contradict answers given by the witnesses to show bias, interest, or hostility, the defendant was afforded his right of confrontation (cf. People v Diaz, 85 AD3d 1047, affd 20 NY3d 569; People v Vigliotti, 203 AD2d 898).
The sentences imposed were excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court