Matter of State of New York v T.N. (2025 NY Slip Op 05656)

Matter of State of New York v T.N.

2025 NY Slip Op 05656

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Index No. 260518/19|Appeal No. 4929|Case No. 2024-05054|

[*1]In the Matter of State of New York, Petitioner-Respondent,
v
T.N., Respondent-Appellant.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Laureena Novotnak of counsel), for appellant.
Letitia James, Attorney General, New York (Joshua N. Cohen of counsel), for respondent.

Order, Supreme Court, Bronx County (Tara A. Collins, J.), entered on or about June 14, 2024, which found, following a dispositional hearing, that respondent is a dangerous sex offender requiring secure confinement pursuant to article 10 of the Mental Hygiene Law, and bringing up for review an order, same court and Justice, entered on or about June 28, 2023, finding, after a bench trial, that he is a detained sex offender suffering from a mental abnormality as defined in the Mental Hygiene Law, unanimously affirmed, without costs.
The State brought this article 10 petition in June 2019, as respondent neared the end of his incarceration for various sex offenses against minors. The petition sought an order directing that respondent be declared a dangerous sex offender requiring further civil confinement and treatment.
In February 2023, a few weeks before trial was scheduled to begin, respondent requested that he be allowed to appear virtually because of health concerns, including an asserted risk of contracting COVID-19. Supreme Court permitted him to appear virtually for the first day of trial after learning that respondent had refused transport to court.
On March 20, 2023, the day trial was scheduled to begin, technical problems impeded the proceedings. During that virtual appearance, Supreme Court gave respondent an instruction regarding his right to be present, and his possible forfeiture of that right, pursuant to People v Parker (57 NY2d 136 [1982]). Respondent acknowledged the court's instruction and renewed his request to appear virtually. Supreme Court reserved decision and adjourned proceedings to the next day.
The next day no video conferencing booths were available at respondent's facility, and the facility represented that there would be limited availability in the coming weeks. The court required respondent to attend trial in person and adjourned trial to March 27, 2023. Respondent attended the first two days of his mental abnormality trial in person on March 27 and 28, 2023. Trial was then adjourned to May 1, 2023.
In April 2023, a few weeks before trial was scheduled to resume, respondent renewed his request to appear virtually, this time because he recently had shoulder surgery. Supreme Court adjourned trial from May 1, 2023 to May 16, 2023.
Less than a week before trial was set to resume, respondent executed a "Refusal/Waiver of Right to Be Physically Present at Court," indicating that he refused to attend court in person on May 16 and 17, 2023, because he had not seen his surgeon since his shoulder surgery. The signed waiver recites: "I fully understand that I have the right to be physically present, nevertheless I wish to waive my right to be physically present." Respondent then renewed his request to appear virtually. Supreme Court contacted the Department of Corrections and Community Supervision (DOCCS) regarding respondent's medical status. DOCCS confirmed that respondent was medically clear to attend court. Supreme Court denied respondent's request for a virtual appearance and instead offered to adjourn trial until respondent could attend in person. Alternatively, the court permitted respondent to maintain his waiver of his right to be present. Counsel relayed these options to respondent, who responded "that it is in [his counsel's] hands and that he is not coming to court."
When respondent was not present when trial reconvened on May 16, 2023, Supreme Court asked respondent's counsel whether respondent would attend court if trial were adjourned. Counsel responded that respondent "has made it very clear that he is not coming to court." The court then asked respondent's counsel to confirm whether she was waiving respondent's appearance so that trial could proceed. Counsel ultimately replied: "I'll leave it up to the Court. If you would like to move forward, we are prepared to move forward." Respondent did not appear for the last two days of the hearing.
On appeal, respondent asserts that the court violated his right to be present at his article 10 mental abnormality trial. This claim is unpreserved. Respondent did not object to Supreme Court's denial of his request to attend the trial virtually as a medical accommodation. Respondent also did not object to Supreme Court's offer to either waive his appearance or set an adjourn date so he could appear personally. Certainly, the record contains no protest by either defendant or defense counsel "sufficient to apprise the court, in a timely fashion, of the claimed error in order to permit it to be remedied" (People v Lopez, 185 AD2d 189, 191 [1st Dept 1992], lv denied 80 NY2d 975 [1992]); see also People v Ray, 27 AD3d 1056, 1056—1057 [4th Dept 2006], lv denied 7 NY3d 761 [2006] .
As an alternative holding, we find that the waiver ruling was not in error (see e.g., People v Epps, 37 NY2d 343, 349—350 [1975], cert denied 423 US 999 [1975]). This is not an "exceptional case" with "unusual circumstances" where the court acted improperly in denying a request for a virtual appearance and limiting a defendant's choice to appearing in person despite medical conditions or waiving his appearance entirely (cf. People v Krieg, 139 AD3d 625, 626 [1st Dept 2016], lv denied 28 NY3d 932 [2016]). Rather, in denying respondent's request for virtual appearance, the court offered respondent a choice between waiving his right to be present or adjourning the proceeding until he could appear, and the record supports its conclusion that respondent made a knowing, voluntary and intelligent waiver of his right to appear.
The State proved by clear and convincing evidence that respondent has a mental abnormality as defined by Mental Hygiene Law § 10.03 (i), including by credibly linking respondent's undisputed pedophilia diagnosis to his serious difficulty in controlling his sex-offending behavior (see Matter of State of New York v. A.A., 238 AD3d 651, 652 [1st Dept 2025]). The record also amply supports the court's finding that he is a dangerous sex offender requiring confinement (id.). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025