■ ANDOR PFEIFFER et al., Appellants, v JEFFREY C. HOFFMAN et al., Respondents. ANDOR PFEIFFER, Appellant, v MILTON PICKMAN et al., Respondents. [674 NYS2d 32] —Orders, Supreme Court, New York County (Emily Goodman, J.), entered on or about December 12, 1996 and December 19, 1996, which granted defendants' motion in the first action to dismiss the complaint and granted defendants' motion in the second action to dismiss the complaint, unanimously affirmed, with costs.

A cause of action for legal malpractice arising from negligent representation in a criminal proceeding may not be maintained where, as here, "the determination of [plaintiff's] guilt of [the offense in connection with which he was allegedly negligently represented] remains undisturbed" (*Carmel v Lunney*, 70 NY2d

169, 173; *see also, Doyle v Ruskin*, 230 AD2d 888, *appeal dismissed* 90 NY2d 883).

Plaintiff is additionally precluded from maintaining an action for professional malpractice against the accountant defendants in the second action on the ground that, although one of them, Pickman, was retained by plaintiff to testify as an expert in his behalf at his criminal trial, he did not testify to plaintiff's satisfaction. A witness at a judicial or quasi-judicial proceeding enjoys an absolute privilege with respect to his or her testimony (*Park Knoll Assocs. v Schmidt*, 59 NY2d 205, 207).

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Lerner, P. J., Sullivan, Nardelli, Rubin and Saxe, JJ.