McCarthy, J.P.
 

 Appeal from that part of an order of the Supreme Court (Tait Jr., J.), entered October 3, 2016 in Broome County, which partially granted plaintiff’s motion to dismiss defendants’ counterclaims.
 

 Defendants — an attorney and his law firm — represented a married couple in an action against the Harley-Davidson Motor Company Group in relation to an accident that occurred when the couple’s motorcycle lost power (see Smalley v Harley-Davidson Motor Co. Group LLC, 134 AD3d 1490 [2015]; Smalley v Harley-Davidson Motor Co., Inc., 115 AD3d 1369 [2014]). In connection with that action, defendants retained plaintiff, an accident reconstructionist, to provide expert services and testimony. Plaintiff intermittently consulted with defendants between 2006 and 2013. During the trial of that action, plaintiff testified that he had examined a motorcycle similar to the one at issue but had not disclosed this inspection as a basis for his expert opinion. That testimony prompted Supreme Court to grant Harley-Davidson’s motion for a mistrial.
 

 Following the mistrial, defendants refused to pay the remainder of plaintiff’s bill, prompting him to commence this action to recover the fees for his expert services. Defendants served an answer containing two counterclaims. The first counterclaim alleged that plaintiff “failed to both review and understand [the] records provided to him,” which resulted in plaintiff being “unable to answer critical questions posed to him regarding the electrical testing conducted by Harley[-]Davidson,” which in turn resulted in Supreme Court deeming a portion of the trial evidence inadmissible. The second counterclaim alleged that plaintiff referred to precluded evidence during his testimony, despite warnings from the court that he could not do so. The second counterclaim further alleged that plaintiff testified that a few weeks before trial he viewed a motorcycle similar to the one at issue, but he did not include in his expert disclosure that examination of a motorcycle formed part of the basis for his opinion testimony. Plaintiff moved to dismiss defendants’ counterclaims, arguing, among other things, that the doctrine of absolute witness immunity shielded him from liability for damages arising from his trial testimony. Defendants cross-moved for partial summary judgment.
 

 Supreme Court partially granted plaintiff’s motion to dismiss the first counterclaim, “to the extent it is based on [plaintiff’s] testimony at trial [,] and denied [the motion] to the extent it alleges a breach of contract independent from his trial testimony.” The court dismissed the second counterclaim, holding that plaintiff was entitled to an absolute privilege because that “claim is ‘premised’ on his testimony.” Additionally, the court denied defendants’ motion for summary judgment. On defendants’ appeal, we modify the order.
 

 A “witness at a judicial or quasi-judicial proceeding enjoys an absolute privilege with respect to his or her testimony,” as long as the statements made are material to the issues to be resolved therein (Pfeiffer v Hoffman, 251 AD2d 94, 95 [1998]; accord Martinson v Blau, 292 AD2d 234, 235 [2002]; see Youmans v Smith, 153 NY 214, 219 [1897]; Wilson v Erra, 94 AD3d 756, 756-757 [2012]). The purposes of this privilege are to further the truth-seeking process at trial and encourage cooperation of witnesses, particularly with regard to expert witnesses, so that they can discharge their public duty freely “with knowledge that they will be insulated from the harassment and financial hazard of subsequent litigation” (Tolisano v Texon, 144 AD2d 267, 271 [1988, Smith, J., dissenting], revd for reasons stated in dissent 75 NY2d 732 [1989]; see Rehberg v Paulk, 566 US 356, 367 [2012]).
 

 Defendants argue that the witness privilege does not bar actions against a party’s own expert for breach of contract or malpractice, just as a party can proceed against his or her attorney for legal malpractice based upon conduct that occurred during a trial. Plaintiff argues that an expert witness is absolutely immune from liability for claims that arise out of his or her testimony provided in prior litigation.
 

 We conclude that a party cannot hold its own expert liable for the content of his or her testimony in prior litigation, but may pursue claims for negligence, professional malpractice, breach of contract or similar causes of action due to the expert’s alleged failure to properly prepare for the trial or to perform agreed-upon litigation-related services. Although an expert may not be held liable for the substance of his or her prior testimony or the opinions expressed therein, such testimony may be used as evidence in connection with these other types of causes of action. As the Court of Appeals recently stated when addressing the witness privilege in another context, “[t]he test is ‘whether the plaintiff can make out the elements of his [or her] . . . claim without resorting to the . . . testimony. If the claim exists independently of the . . . testimony, it is not “based on” that testimony . . . [but] if the claim requires the . . . testimony, the defendant enjoys absolute immunity’ ” (De Lourdes Torres v Jones, 26 NY3d 742, 770 [2016], quoting Coggins v Buonora, 776 F3d 108, 113 [2d Cir 2015], cert denied 575 US —, 135 S Ct 2335 [2015]; cf. Rehberg v Paulk, 566 US at 370 n 1). Stated otherwise, a plaintiff may not assert a claim that is entirely based on the expert’s prior testimony — and nothing more — but may assert a claim that is viable apart from, but supported by, that testimony (see De Lourdes Torres v Jones, 26 NY3d at 770 [precluding the subjection of a witness to potential liability for prior testimony “alone”]).
 

 In reviewing plaintiff’s motion to dismiss defendants’ counterclaims, we must accept the facts alleged in the counterclaims as true and accord defendants every favorable inference that can be drawn therefrom (see Beneke v Town of Santa Clara, 28 AD3d 998, 999 [2006]).
 
 *
 
 Defendants’ first counterclaim alleged that plaintiff failed to adequately prepare for trial and failed to review and understand records that were provided to him, and that these failures resulted in plaintiff’s inability to answer critical questions at trial. Defendants may not use plaintiff’s testimony to hold him liable for the content of his testimony (see Pfeiffer v Hoffman, 251 AD2d at 95 [a plaintiff is precluded from maintaining an action against an expert merely because the expert “did not testify to plaintiff’s satisfaction”]; Tolisano v Texon, 144 AD2d at 271 [Smith, J., dissenting] [privilege for judicial proceedings bars civil actions “predicated on the content of . . . testimony”]). However, where, as here, the allegations are not premised on the substance of a witness’s testimony, parties may use the witness’s testimony as some proof to support their allegations regarding the witness’s out-of-court conduct.
 

 The witness privilege does not bar all use of prior testimony if the party is also relying on evidence independent of that testimony (see De Lourdes Torres v Jones, 26 NY3d at 770-771). While any claims related to the substance of plaintiff’s answers at trial are precluded by the witness privilege, the allegations related to his pretrial preparation are not (cf. Rehberg v Paulk, 566 US at 370 n 1). For example, as support for their allegations that plaintiff did not adequately prepare for trial, defendants here are permitted to rely on his testimony from that trial — a party admission (see People v Jones, 236 AD2d 217, 219 [1997], lv denied 89 NY2d 1036 [1997]) — wherein he stated that he did not review certain documents. Thus, plaintiff was entitled to dismissal of so much of the first counterclaim as was based exclusively on his trial testimony, but defendants were entitled to proceed on so much thereof as alleged a breach of contract or malpractice independent from the trial testimony (see Coggins v Buonora, 776 F3d at 113).
 

 Similarly, part of defendants’ second counterclaim is based entirely on plaintiff’s opinions and answers during trial, i.e., on his testimony itself. Plaintiff is protected by the witness privilege for any claims arising directly from this testimony. On the other hand, part of the second counterclaim is based on plaintiff’s pretrial actions or failures to perform. For example, defendants alleged that plaintiff failed to update his expert disclosure or inform defendants that he had examined a motorcycle of the same variety that was involved in the underlying action. These allegations relate to plaintiff’s pretrial preparation and his obligations to defendants as a retained expert, so they are not barred by the witness privilege (cf. Rehberg v Paulk, 566 US at 370 n 1). Although those allegations were supported by plaintiff’s testimony, they were viable even without that testimony. Thus, plaintiff was entitled to only partial dismissal of that counterclaim.
 

 Garry, Clark, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed portions of defendants’ second counterclaim that are viable, independent from plaintiff’s testimony, and, as so modified, affirmed.
 

 *
 

 By their notice of appeal, defendants do not contest the portion of Supreme Court’s order that denied their motion for summary judgment.