17-3617-cv
Chunn v. Amtrak

# United States Court of Appeals
# for the Second Circuit

AUGUST TERM 2018
No. 17-3617-cv

CHRISTOPHER CHUNN
Plaintiff-Appellant,

v.

AMTRAK, P.O. COLEMAN, P.O. LOONEY,
Defendants-Appellees,

DRUG ENFORCEMENT ADMINISTRATION AGENCY, COLON, SUPERVISING JOHN DOE,
AGENT, DEA OFFICER ALEX COLON, SPECIAL AGENT JOHN HANNON,
Defendants.

SUBMITTED ON: JANUARY 24, 2019
DECIDED: FEBRUARY 21, 2019

Before:    KEARSE, JACOBS, SACK, Circuit Judges.

Appellant Christopher Chunn, pro se, appeals the judgment of the United States District Court for the Southern District of New York (Crotty, J.; Pitman, M.J.) granting summary judgment in favor of Amtrak with respect to his 42 U.S.C. § 1983 and state-law conversion claims.  Amtrak transferred to the DEA cash that Amtrak police seized from Chunn incident to his arrest.  Chunn contended that Amtrak's transfer of his property without first offering him an opportunity to contest the transfer violated his due process rights and amounted to conversion under New York law.  Because due process is afforded by the

required post-deprivation procedures and because Chunn was not unlawfully deprived of his property, we affirm.

CHRISTOPHER CHUNN, pro se, Coxsackie, NY, for the Plaintiff-Appellant.

WILLAIM G. BALLAINE, TINA S. BHATT, THERESA A. FRAME, Landman Corsi Ballaine & Ford P.C., New York, NY, for the Defendants-Appellees.

DENNIS JACOBS, Circuit Judge:

Appellant Christopher Chunn, pro se, appeals the judgment of the United States District Court for the Southern District of New York (Crotty, J.; Pitman, M.J.) granting summary judgment in favor of Amtrak, dismissing his claims under 42 U.S.C. § 1983 and the state law of conversion.[1] Incident to Chunn's arrest in the waiting area at New York's Pennsylvania Station, Amtrak police seized $10,400, which the Amtrak police then transferred to the Drug Enforcement Agency ("DEA"). Chunn contends that Amtrak's transfer of his property without first affording him an opportunity to contest the transfer violated his due process rights and amounted to conversion under New York law. We recount only the facts that bear upon our disposition.

**BACKGROUND**

Chunn was sleeping in the Amtrak waiting area in Pennsylvania Station when he was roused by Amtrak Police Officer Jerry Coleman. An altercation ensued and Chunn was arrested for disorderly conduct, trespassing, and resisting arrest. During a search incident to this arrest, Amtrak officers discovered $10,400 cash in Chunn's pocket. The officers confiscated the cash, and upon investigation by Amtrak's Criminal Investigation Division and an Amtrak officer assigned to the Amtrak-DEA joint task force, the DEA decided to

---

[1] Chunn has not argued on appeal that the district court erred in granting summary judgment to Amtrak Police Officers Coleman and Looney. Accordingly, his arguments concerning these defendants are abandoned. See LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995).

seize the money for possible forfeiture as proceeds of drug sales.  Amtrak transferred the cash to the DEA and gave Chunn a receipt.

Chunn sued Amtrak, Amtrak officers, the DEA, and DEA agents alleging a violation of due process and conversion.  Chunn agreed to dismiss his claims against the DEA and its agents.  The district court granted summary judgment in favor of the Amtrak defendants and denied Chunn's motion to amend his complaint to add as a defendant the Amtrak officer responsible for turning over Chunn's property to the DEA.

This appeal followed.

## DISCUSSION

We review orders granting summary judgment de novo and focus on whether the district court correctly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law.  Sotomayor v. City of New York, 713 F.3d 163, 164 (2d Cir. 2013).  We review the denial of a motion to amend on the basis of futility de novo.  Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014).

### I.

Assuming without deciding that Amtrak is subject to suit under § 1983, we conclude that the district court properly granted Amtrak summary judgment on the due process claim.  Due process requires that an individual be given "notice and an opportunity to be heard" prior to the state's permanent deprivation of his property interest.  Dusenbery v. United States, 534 U.S. 161, 167 (2002) (internal quotation marks omitted).  "Due process is flexible and calls for such procedural protections as the particular situation demands."  Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (brackets and quotation marks omitted).  "[D]ue process ordinarily requires an opportunity for some kind of a hearing *prior* to the deprivation of a significant property interest."  Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc., 452 U.S. 264, 299 (1981) (internal quotation marks omitted) (emphasis added).  The deprivation of money here was significant, and no pre-deprivation hearing was afforded when the cash was transferred.  However, it is generally "sufficient, where only property rights are concerned, that there is at some stage an opportunity for a hearing and a judicial determination."  Id. at 303 (internal quotation marks omitted).

3

Compliance with the post-seizure notice and hearing requirements of 21 U.S.C. § 881 and 18 U.S.C. §§ 981-87 satisfies the due process obligations of a federal agency that adopts the seizure of property by a state or local law enforcement agency.  See, e.g., Dusenbery, 534 U.S. at 172–73 (notice by mail pursuant to § 881 is constitutionally sufficient).  We hold that these procedures also satisfy the requirements of due process owed by the state agency that makes the transfer.  See Madewell v. Downs, 68 F.3d 1030, 1040 (8th Cir. 1995).

The Eighth Circuit's reasoning in Madewell is persuasive.  Chunn argues that the state officers transferred his money to the DEA without showing that it was connected to a drug transaction.  In similar circumstances, the Eighth Circuit "decline[d] to add such a requirement, because that is precisely the determination that must be made in the proceedings pursuant to 21 U.S.C. § 881 before federal forfeiture may be accomplished, and § 881 establishes the process due the claimant in making that determination."  Id. at 1045.  Likewise, due process does not require other pre-seizure proceedings to determine whether property is subject to forfeiture, such as an opportunity to be heard.  Here, the post-seizure proceedings mandated by 21 U.S.C. § 881 and 18 U.S.C. § 981 provided Chunn with due process.

## II.

"[O]ne who comes lawfully into possession of property cannot be charged with conversion thereof until after a demand and refusal," MacDonnell v. Buffalo Loan, Tr. & Safe Deposit Co., 193 N.Y. 92, 101 (1908), except "in a case where the lawful custodian of property commits an overt and positive act of conversion by an unlawful . . . disposition of the same."  Id.  Chunn has not challenged the lawfulness of his arrest, or of Amtrak's initial seizure of his property incident to his arrest; and Chunn made no demand on Amtrak for return of the money before Amtrak turned it over to the DEA.

While "[n]o demand [is] necessary" to constitute conversion when a defendant unlawfully disposes of the property, id., Amtrak's transfer of Chunn's cash to the DEA was lawful.  New York law does not impose procedural requirements on a state agency transferring to federal authorities property that has been seized incident to arrest.  Cf. N.Y. Crim. Proc. Law § 690.55(1) (turnover order from a state court required prior to transferring property seized pursuant to a search warrant).  And the DEA was authorized to seize the property

4

pursuant to 18 U.S.C. § 981.  See 18 U.S.C. § 981(b)(2)(C).  Because neither agency was ever wrongfully in possession of Chunn's property and state law did not limit Amtrak's authority to transfer it, Amtrak's actions were not "unlawful," and summary judgment was proper.  See Leveraged Leasing Admin. Corp. v. Pacificorp. Capital, Inc., 87 F.3d 44, 50 (2d Cir. 1996).

### III.

Leave to amend may be denied if the proposed amendment would be futile.  Tocker v. Phillip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006).  Amendment is futile if it fails "to cure prior deficiencies."  Panther Partners, Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012).

Chunn moved to amend his complaint to add as a defendant Sergeant Patterson, the Amtrak officer responsible for turning over Chunn's property to the DEA.  This claim turns on the same transfer as Chunn's claim against Amtrak, and fails for the same reasons.  Accordingly, the amendment would have been futile.

### CONCLUSION

The judgment of the district court is AFFIRMED.