18-2520-cv
Geer v. Employee Health Referral Systems

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand nineteen.

PRESENT: DENNIS JACOBS,
PIERRE N. LEVAL,
CHRISTOPHER F. DRONEY,
        Circuit Judges.
- - - - - - - - - - - - - - - - - - -X

WESLEY GEER,
        Plaintiff-Appellant,

        -v.-                                          18-2520

EMPLOYEE HEALTH REFERRAL SYSTEMS,
INC., DBA EMPLOYEE HEALTH SYSTEMS,
JOSEPH DIMARIA, in his personal and official
capacities,
        Defendants-Appellees,

1

**GATES CHILI CENTRAL SCHOOL DISTRICT, LISA BUCKSHAW, in her personal and official capacities, KIMBERLE WARD, in her personal and professional capacities, GATES CHILI BOARD OF EDUCATION,**
        <u>**Defendants**</u>**.**

- - - - - - - - - - - - - - - - - - -X


FOR PLAINTIFF-APPELLANT:          Earl Thomas Hall, Hall Law Firm PLLC, Fairport, NY.

FOR DEFENDANTS-APPELLEES:   Jillian K. Farrar, Underberg & Kessler LLP, Rochester, NY.


Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Wesley Geer appeals the judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>) dismissing his state tort claims against Employee Health Referral Systems ("EHS") and its owner, Joseph DiMaria.   Geer claims that DiMaria, a licensed social worker, breached representations of confidentiality by disclosing Geer's protected health information to Geer's employer, and by testifying at Geer's administrative disciplinary hearing.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**1.** We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." <u>Nicosia v. Amazon.com, Inc.,</u> 834 F.3d 220, 230 (2d Cir. 2016).   The complaint

must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Geer claims that DiMaria disclosed treatment details to Geer's employer notwithstanding that he represented that the Employee Assistance Program would be confidential. However, Geer consented to disclosures to his employer regarding: his participation and progress in counseling, and DiMaria's diagnosis and recommendations for purposes including "to verify whether I am participating in and complying with EAP recommendations." A-123. And Geer acknowledged in writing that his protected health information could be disclosed without his consent at an administrative proceeding. A-121.

DiMaria also discussed Geer's treatment (after Geer's consent to disclosure had expired) as a subpoenaed witness at Geer's disciplinary hearing under New York Education Law section 3020-a. New York law recognizes a privilege for confidential communications between a licensed social worker and a client. See N.Y. CPLR § 4508. Geer learned that DiMaria would be a witness at his disciplinary hearing a week in advance but neither moved to quash the subpoena compelling DiMaria's testimony nor objected to DiMaria being called as a witness. Geer failed to object to any question or answer during direct examination, chose to forgo cross-examination, and never moved to strike DiMaria's testimony. After sitting on his rights when section 4508 may have applied, Geer cannot now assert the privilege as a sword against DiMaria for complying with a subpoena.

Geer's claims against DiMaria and EHS must also be dismissed because, under New York law, witness testimony "in the course of a judicial proceeding [is] absolutely privileged, 'as long as such statements are material and pertinent to the questions involved' in the proceeding." Stega v. New York Downtown Hosp., 107 N.E.3d 543, 549 (N.Y. 2018) (quoting Wiener v. Weintraub, 239 N.E.2d 540, 540 (N.Y. 1968)); see Toaspern v. LaDuca Law Firm LLP, 154 A.D.3d 1149, 1150, 63 N.Y.S.3d 128 (N.Y. App. Div. 2017) ("[A] witness at a judicial or quasi-judicial proceeding enjoys an absolute privilege with respect to his or her testimony, as long as the statements made are material to the issues to be resolved therein." (internal quotation marks omitted)).

"Absolute immunity 'applies only to a proceeding in court or one before an officer having attributes similar to a court.'" Toker v. Pollak, 376 N.E.2d 163, 167 (N.Y. 1978) (quoting Pecue v. West, 135 N.E. 515, 516 (N.Y. 1922)). A section 3020-a hearing is such a proceeding because "[s]ection 3020–a lays out extensive litigation procedures for hearings, including motion practice, bills of particulars, mandatory disclosure, discovery, subpoena power, right to counsel, cross-examination, testimony under oath, and a full record." Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist., 411 F.3d 306, 312 (2d Cir. 2005). The hearing officer adjudicates questions of fact, charges, and penalties; parties have "a full and fair opportunity to litigate" the issues; and the "administrative adjudication" is entitled to preclusive effect. Id.

DiMaria was ordered to appear at Geer's 3020-a hearing by subpoena, swore an oath, offered testimony, and was available to be cross-examined. Accordingly, DiMaria is immune from civil claims premised on his testimony.

**2.** The denial of a motion to amend on the basis of futility is reviewed de novo. Chunn v. Amtrak, 916 F.3d 204, 207 (2d Cir. 2019). "Leave to amend may be denied if the proposed amendment would be futile. Amendment is futile if it fails to cure prior deficiencies." Id. at 208 (internal citation and quotation marks omitted).

Geer seeks to amend his complaint to add malpractice and breach of contract claims, and argues that DiMaria is not immune from these newly asserted claims. However, the new claims are premised on DiMaria's same consented-to disclosure and immune testimony, and therefore fail for the same reasons. Accordingly, amendment would have been futile.

We have considered Geer's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4