19-259-cv
*Jake McHerron, et al. v. Burnt Hills – Ballston Lake Central School Dist., et al.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
　　　　　　GERARD E. LYNCH,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　*Circuit Judges.*

---

JAKE MCHERRON AND MARY LOU VOSBURGH,

　　　　　*Plaintiffs-Appellants,*　　　　　　　　　　　19-259-cv

　　　　　v.

BURNT HILLS – BALLSTON LAKE CENTRAL SCHOOL DISTRICT, PATRICK MCGRATH, TIMOTHY BRUNSON, AND JOE SCALISE,

　　　　　*Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**　　　　　PHILLIP G. STECK, Cooper Erving & Savage LLP, Albany, NY.

**FOR DEFENDANTS-APPELLEES:**　　　　　PATRICK J. FITZGERALD, Girvin & Ferlazzo, P.C., Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Jake McHerron and Mary Lou Vosburgh (jointly, "Plaintiffs"), appeal from a January 24, 2019 judgment of the District Court (1) granting the motion of Defendants-Appellees ("Defendants") to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) in an action alleging violations of Plaintiffs' substantive and procedural due process rights; and (2) denying as futile Plaintiffs' cross-motion to amend their complaint, in which they sought to add a claim for retaliation under the First Amendment. The District Court's decision on Plaintiffs' substantive due process claim is not challenged on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a dismissal for failure to state a claim, asking "whether the allegations in the complaint, taken as true, state a plausible claim for relief." *NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 189 (2d Cir. 2019). We also review *de novo* the denial of a motion to amend a futile complaint. *Chunn v. Amtrak*, 916 F.3d 204, 207 (2d Cir. 2019). After independently reviewing the record, and for the reasons stated below, we affirm the District Court's judgment in its entirety.

**I.**

Plaintiffs primarily dispute the District Court's finding that they had failed to state a "stigma-plus" claim under a theory that their protected liberty interests were violated without due process of law. Without expressing any view on the District Court's analysis of this issue, we affirm the District Court's January 24, 2019 judgment, albeit on a different ground than that addressed by that court in its January 24, 2019 Memorandum-Decision and Order ("M&O"). We may affirm the decision of a district court for any reason supported by the record. *Latner v. Mount Sinai Health Sys., Inc*, 879 F.3d 52, 54 (2d Cir. 2018), *as amended* (Jan. 9, 2018). Upon an independent review of the record, and assuming *arguendo* that Plaintiffs were indeed deprived of a protected liberty interest, we conclude that an Article 78 proceeding provided by New York law is a sufficient post-deprivation remedy, which defeats Plaintiffs' "stigma-plus" claim.

New York Civil Practice Law and Rules Article 78 provides for a proceeding that affords Plaintiffs due process of law. Plaintiffs' contention that an Article 78 proceeding would be insufficient here to remedy their alleged harm is directly contradicted by the law of our Circuit. In a previous case considering a stigma-plus claim, we held that "in the context of an at-will government employee, a reasonably prompt, post-termination name-clearing hearing satisfies constitutional due process as long as the procedures afforded at such a hearing are sufficient to protect the employee's reputational and professional interests. The availability of such a hearing . . . defeats [plaintiff's] stigma-plus claims." *Segal v. City of New York*, 459 F.3d 207, 218 (2d Cir. 2006). Since *Segal*, we have directly answered in the affirmative the question of whether an Article 78 hearing provides the level

of process due in those circumstances. *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011) (holding that, with respect to a procedural due process claim, "[a]n Article 78 proceeding provides the requisite post-deprivation process"). Plaintiffs' claim is not saved by any allegation that they have not yet sought an Article 78 proceeding. We have held that the availability of the Article 78 remedy satisfies due process and defeats a stigma-plus claim "even if [plaintiff] failed to pursue it." *Id.* Because the availability of an Article 78 proceeding defeats a procedural due process claim of the sort asserted by Plaintiffs, we affirm the dismissal of their stigma-plus claim.

## II.

Finally, Plaintiffs appeal so much of the District Court's judgment as denied their motion to amend their complaint, in which they sought to add a First Amendment retaliation claim.  In order to state a claim for retaliation in this case, Plaintiffs must show that, *inter alia*, they were speaking on a matter of public concern. *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006); *see also, e.g., Weintraub v. Board of Education*, 593 F.3d 196, 201–202 (2d Cir. 2010). As the District Court correctly stated, "whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 148 (1983). It is well established that "speech that principally focuses on an issue that is personal in nature and generally related to [the speaker's] own situation, or that is calculated to redress personal grievances—even if touching on a matter of general importance—does not qualify for First Amendment protections." *Montero v. City of Yonkers, New York*, 890 F.3d 386, 399–400 (2d Cir. 2018) (internal quotation marks and citations omitted). That is so even where the speech takes the form of a lawsuit. *See Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008). Although we highlight that a speaker's motive for the speech at issue here is not necessarily dispositive, we conclude—for substantially the reasons described in the M&O—that Plaintiffs here were not speaking on a matter of public concern. We therefore affirm the District Court's judgment denying Plaintiff's cross-motion to add this futile retaliation claim.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Appellants on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 24, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3