23-7046
*Metaxas v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

PRESENT:    DENNIS JACOBS,
            SARAH A. L. MERRIAM,
                 *Circuit Judges*,
            LAWRENCE J. VILARDO,
                 *District Judge*.[*]

_____

POPPI METAXAS,

    *Petitioner-Appellant*,

       v.                                                        No. 23-7046

UNITED STATES OF AMERICA,

    *Respondent-Appellee*.

_____

_____

[*] Judge Lawrence J. Vilardo of the United States District Court for the Western District of New York, sitting by designation.

FOR PETITIONER-APPELLANT:    BRANDON SAMPLE, Criminal Center LLC, Mount Pleasant, SC.

FOR RESPONDENT-APPELLEE:    SHANNON C. JONES (Amy Busa, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.


Appeal from an order of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION**, the July 31, 2023, Order of the District Court is **AFFIRMED**.

Petitioner-appellant Poppi Metaxas appeals from the Corrected Memorandum Decision and Order ("Order") of the District Court denying her petition for a writ of error *coram nobis*. *See Metaxas v. United States*, No. 2:14CR00190(BMC), 2023 WL 4851018, at *1 (E.D.N.Y. July 28, 2023). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

On April 30, 2015, Metaxas pled guilty to one count of conspiring to defraud the United States by committing bank fraud, in violation of 18 U.S.C. §§ 371 and 3551. On December 2, 2015, the District Court sentenced Metaxas principally to 18 months' imprisonment and three years of supervised release. Metaxas did not file a direct appeal.

On May 4, 2017, Metaxas filed a motion to vacate, set aside, or correct her

2

sentence pursuant to 28 U.S.C. § 2255, alleging that her counsel had been ineffective and that, had she been properly advised, she would not have pled guilty. On September 12, 2019, the District Court held an evidentiary hearing at which Metaxas and her prior counsel testified. On March 26, 2020, the District Court denied Metaxas's § 2255 motion. *See United States v. Metaxas*, 449 F. Supp. 3d 24 (E.D.N.Y.), *appeal dismissed*, No. 20-1398, 2020 WL 6266361 (2d Cir. Sept. 17, 2020), *cert. denied*, 141 S. Ct. 1392 (2021).

On December 9, 2021, Metaxas filed a *coram nobis* petition with the District Court pursuant to 28 U.S.C. § 1651. The District Court construed the petition "as a second or successive § 2255 petition because it attacked the same conviction," App'x at 39, and it therefore transferred the petition to this Court to determine whether Metaxas should be granted leave to file a successive petition, pursuant to 28 U.S.C. § 2255(h). This Court remanded, finding that because Metaxas was no longer "in custody" in connection with her challenged conviction she was "jurisdictionally precluded from proceeding under § 2255" but was "not barred from filing a petition for writ of error coram nobis in district court." *Metaxas v. United States*, No. 21-3054 (2d Cir. July 14, 2022), ECF No. #25 (citation omitted).

On remand, the government filed a brief opposing Metaxas's *coram nobis* petition; in response, Metaxas filed a letter motion seeking leave to amend her petition, attaching as an exhibit the proposed amended petition. The amendment would have added a single additional paragraph to the petition:

> Metaxas continues to suffer from legal consequences because of her conviction. Specifically, prior to Metaxas' conviction, Metaxas was the President and CEO of Gateway Bank, FSB. As a result of her conviction,

Metaxas is barred from working in a similar capacity in the banking industry by 12 U.S.C. § 1829.

App'x at 35. On July 31, 2023, the District Court denied the *coram nobis* petition. It found that Metaxas had merely restated the evidentiary claims previously raised in her § 2255 motion, that she had again failed to meet the applicable standard for ineffective assistance, and that she "failed to make even a minimal showing for [the] extraordinary writ." App'x at 42. The District Court did not address the letter request to amend the petition, which had the practical effect of denying the request. Metaxas appeals the denial of her petition, arguing that the District Court erred in failing to apply the Federal Rules of Civil Procedure – specifically, Rule 8's pleading standards – in evaluating her petition. She also argues that the District Court erred in denying her leave to amend the petition.

## LAW APPLICABLE TO *CORAM NOBIS* RELIEF

The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A district court has authority to issue a writ of *coram nobis* in "extraordinary circumstances." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (citation and quotation marks omitted). The writ is a remedy of last resort, and the Supreme Court has explained that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation and quotation marks omitted).

"To secure *coram nobis* relief, a petitioner must show that (1) 'there are

4

circumstances compelling such action to achieve justice,' (2) 'sound reasons exist for failure to seek appropriate earlier relief,' and (3) 'the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (quoting *Foont*, 93 F.3d at 79); *see also Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014).

"[W]e review *de novo* the question of whether a district judge applied the proper legal standard, but review the judge's ultimate decision to deny the writ for abuse of discretion." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (citations and quotation marks omitted).

## **DISCUSSION**

Metaxas contends that the District Court should have applied the plausibility standard of Rule 8 to her *coram nobis* petition. Noting that unlike habeas petitions, "there are no specifically promulgated rules" for *coram nobis* petitions, she contends that "[a] coram nobis proceeding is civil [in] nature," and that the Federal Rules of Civil Procedure therefore should govern in all respects. Appellant's Br. at 14-15. In particular, Metaxas asserts that "she only needed to plead her allegations plausibly, such that, if true, she would be entitled to relief," and that she "met that standard." Appellant's Br. at 19.

We need not determine whether the Federal Rules of Civil Procedure apply, as a general matter, to all matters related to *coram nobis* petitions. Even under a plausibility

5

pleading standard, the petition fails: In fact, the District Court applied a standard akin to facial plausibility, concluding that the petition "failed to make even a minimal showing for" a writ to issue. App'x at 42. Applying the plausibility pleading standard to the *coram nobis* context, Metaxas would have to *plausibly allege* that the writ is necessary to achieve justice, that she had good reasons for not seeking relief sooner, and that she is suffering ongoing legal consequences that issuance of the writ can remedy. *See Rutigliano*, 887 F.3d at 108. The District Court did not abuse its discretion in finding that the petition failed to meet that standard.

The District Court found that Metaxas's new petition did nothing to undermine its finding in connection with her habeas petition that her counsel was not ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984); moreover, the District Court found that Metaxas's conclusory allegation that she might have gone to trial if her counsel had conducted a more thorough investigation was insufficient. *See* App'x at 41.[1] In other words, Metaxas failed to plausibly allege that justice required issuance of the writ. The District Court further found that "most of the evidence [Metaxas] claims is new was, in fact, annexed to or referenced in her § 2255 petition," and that Metaxas had "offered no reason" – even in the form of a plausible allegation – why she could not have raised her current arguments earlier. App'x at 41. In other words, Metaxas failed to plausibly allege that she could not have sought relief sooner. Finally, the District Court found that

---

[1] Of course, under Rule 8 and the Supreme Court decisions interpreting it, "naked assertions or conclusory statements are not enough" to survive dismissal. *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (citations and quotation marks omitted).

Metaxas's petition did not "even allude[] to any legal consequences that she continues to suffer from her conviction." App'x at 41. In other words, Metaxas did not plausibly allege any ongoing consequences that issuance of the writ could remedy. In sum, the District Court determined, though not expressly applying Rule 8, that the petition failed to plausibly present any of the required elements for a writ of error *coram nobis* and therefore properly denied the petition.

We also find no error in the denial of leave to amend, even applying, as Metaxas requests, Rule 15. "Leave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted." *Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (citations omitted). "We review the denial of a motion to amend on the basis of futility de novo." *Chunn v. Amtrak*, 916 F.3d 204, 207 (2d Cir. 2019). The only amendment Metaxas proposed relates to the third element of a *coram nobis* petition, that is, that she "continues to suffer legal consequences because of her conviction," App'x at 35; *see* App'x at 22 (citing *Fleming*, 146 F.3d at 99). Such an amendment would have been futile because it did nothing to address the petition's insufficiency on the other two required elements.

We have considered Metaxas's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the July 31, 2023, Order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7