*Jun Young Lim v. Radish Media, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

-------------------------------------------------------------------

JUN YOUNG LIM,

> *Appellant*,

> v.

RADISH MEDIA, INC., SEUNG YOON LEE,

> *Defendants-Appellees*,

No. 25-1684

-------------------------------------------------------------------

FOR APPELLANT: JOHN F. OLSEN, The Law Office of John F. Olsen, LLC, Montclair, NJ.

FOR APPELLEE: JAMES D. NELSON, Morgan, Lewis & Bockius LLP, Washington, DC (Leni B. Battaglia, Morgan, Lewis & Bockius LLP, New York, NY, *on the brief*)

Appeal from the June 10, 2025, judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jun Young Lim appeals from a judgment of the United States District Court for the Southern District of New York dismissing his second amended complaint ("SAC") for failure to state a claim. Lim claims that Defendants Radish Media, Inc. and Seung Yoon Lee denied him an equity interest in Radish Media that he was entitled to based on his employment at Radish Media and its predecessor company. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as

2

necessary to explain our decision. We also accept as true the allegations in the SAC.

Lee was the co-founder, chief executive officer, and a major shareholder of Radish Media's predecessor company, Byline Media (together the "Company"). In 2015, Lim agreed to leave his then-current employment to work at Byline Media as "Head of Product." Lee and Lim exchanged emails in January 2015 regarding the terms of Lim's employment, including a compensation package comprised of a monthly salary and a 1.2% equity interest in the Company. That equity interest was to vest over four years, with the first quarter vesting after one year of employment and 1/48 vesting each month thereafter. Although Lim never received a formal employment contract, he began working for the Company in March 2015. Shortly after his arrival, Lim agreed to take on more responsibility and was promised an increased equity interest of 1.5% of outstanding shares, subject to the same vesting schedule. Lim stayed at the Company for the next sixteen months, took on additional responsibilities, and turned down a job opportunity that would have provided increased salary and emoluments in reliance on Lee's promise of a 1.5% equity interest. In April 2016, Lim gave his notice, after which he received, for the first time, a draft letter agreement setting

forth the terms of his employment, backdated to before his start date. Lim left the Company on June 20, 2016, with a revised letter confirming his equity ownership and describing how the number of shares had been calculated. However, Lim never signed the letter because Lee advised that the Company was forming a proper employee equity plan that would adjust the number of shares to which Lim was entitled. Lim reached out several times after his employment ended but never received the equity interest he had been promised.

Lim filed this action in 2021, alleging breach of contract and unjust enrichment, and seeking a declaratory judgment of entitlement to the equity interest. The district court dismissed Lim's original complaint, ruling that it was barred by the statute of limitations and, in the alternative, that the breach of contract claim was barred by the statute of frauds and that the declaratory judgment and unjust enrichment claims were duplicative of the breach of contract claim. *Lim v. Radish Media, Inc.*, No. 22-1610, 2023 WL 2440160, at *1 (2d Cir. Mar. 10, 2023). This Court agreed that Lim failed to plead his breach of contract claim and that all of Lim's claims were barred by the statute of frauds. *Id.* at *2. But we vacated in part because it was unclear whether Lim's claims were barred by the statute of limitations, and we remanded for the district court to determine whether

4

amendment would be futile. *Id.* Lim's first amended complaint asserted breach of contract and promissory estoppel claims against Radish Media and an unjust enrichment claim against Lee. The district court again dismissed the breach of contract and unjust enrichment claims with prejudice. The promissory estoppel claim was dismissed on the grounds that the claim was subject to the statute of frauds and that Lim failed to plead the elements of the claim, but Lim was granted leave to amend. The SAC alleged only promissory estoppel. The district court dismissed the SAC, again finding that Lim failed to plead the elements of his promissory estoppel claim, and denied him leave to amend on futility grounds.

**1.** Lim appeals the dismissal of his promissory estoppel claim. We review the district court's dismissal *de novo*. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148 (2d Cir. 2012). Under New York law, a claim for promissory estoppel requires "a clear and unambiguous promise[,] a reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained by the party asserting the estoppel by reason of the reliance."[1] *Cyberchron Corp. v. Calldata Systems Development, Inc.*, 47 F.3d 39, 44 (2d Cir. 1995). In addition, when a promissory

---

[1] Although Lim cites both New York and California law in his Reply, he confirmed at oral argument that he does not contest the district court's application of New York law.

5

estoppel claim is subject to the statute of frauds, the injury sustained must be unconscionable. *In re Estate of Hennel*, 29 N.Y.3d 487, 489 (2017); *see also Cyberchron Corp.*, 47 F.3d at 44. (collecting cases). That is, the injury must go "beyond that which flows naturally (expectation damages) from the non-performance of the unenforceable agreement." *Merex A.G. v. Fairchild Weston Sys.*, 29 F.3d 821, 826 (2d Cir. 1994). Under New York law, contracts or promises that cannot be fully performed within one year are subject to the statute of frauds. N.Y. General Obligations Law § 5-701(a)(1).

Lim argues on appeal that his agreement with Lee was not subject to the statute of frauds because Lee continually renewed his promise that Lim would receive the equity. However, the allegedly renewed promise was still for equity that could not vest until one year after Lim started his employment, and Lim did not appeal the district court's dismissal of the contract claim he included in his first amended complaint. Therefore, the statute of frauds applies to Lim's claim, and, because he alleges only expectation damages, he fails to plead unconscionable injury. *See Merex A.G.*, 29 F.3d at 826. At oral argument before this Court, moreover, he declined to identify any unconscionable injury he could claim to have suffered.

6

Rather than argue that his injury was unconscionable, Lim argues that unconscionability is a question of fact that cannot be decided on a motion to dismiss, a proposition for which he cites no binding authority. However, there is no reason why this Court cannot dismiss a promissory estoppel claim that fails to plead an essential element. *See, e.g.*, *Odonata Ltd. v. Baja 137 LLC*, 171 N.Y.S.3d 93, 96 (1st Dept. 2022) (dismissing promissory estoppel claim for failing to adequately plead unconscionable injury at motion to dismiss); *Martin Greenfield Clothiers, Ltd. v. Brooks Bros. Grp., Inc.*, 107 N.Y.S.3d 83, 85 (2nd Dept. 2019) (same). Because we conclude that Lim failed to plead unconscionable injury, we need not consider whether he failed to plead the remaining elements of his promissory estoppel claim.

**2.** Lim argues that the district court improperly denied leave to amend his complaint a third time. We review a "district court's denial of a request for leave to amend for abuse of discretion." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Although leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a), an amendment is futile and should be not be granted if it "fails to cure prior deficiencies" identified by the court in a prior ruling, *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (internal

7

quotation marks omitted). When the district court granted leave to amend the promissory estoppel claim in Lim's first amended complaint, it rejected Lim's argument that the contract was not barred by the statute of frauds and confirmed that it would be necessary to plead unconscionable injury. Since Lim nevertheless failed to plead an unconscionable injury and has identified no amendment that could cure this deficiency, denial of leave to amend was not an abuse of discretion.

We have considered Lim's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8